No. 44,578

Randy L. Miksell, *Appellant*, v. State of Kansas, *Appellee*.

(416 P. 2d 780)

Opinion filed July 14, 1966.

*Joseph S. Davis, Jr.*, of Olathe, argued the cause and was on the briefs for the appellant.

*Hugh H. Kreamer*, County Attorney, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal from an order denying appellant's motion filed under the provisions of K. S. A. 60-1507 to vacate and set aside a judgment and sentence.

On September 23, 1963, appellant, hereinafter referred to as petitioner, entered a plea of guilty to murder in the first degree. He was sentenced to life imprisonment in the Kansas State Penitentiary. The petitioner did not appeal from the conviction and sentence.

While confined in the State Penitentiary petitioner initiated these proceedings in 1965. In his motion petitioner alleges that he was denied his basic right to counsel until after he had given a confession to the police and that he was not informed of his right to silence.

He further contends that it was error to admit his alleged coerced confession in a hearing to determine the sentence under the provisions of K. S. A. 21-403.

After receiving the petition, the district court appointed Herbert Lodge, a member of the Johnson County Bar, as counsel for petitioner. At his request petitioner was returned to Johnson County and, on September, 8, 1965, a hearing was had. At the hearing petitioner asked that his motion be submitted on the facts stated therein and offered no additional evidence in support thereof.

Following the hearing judgment was entered denying petitioner's motion. The journal entry reflects the findings of the district court as follows:

"The Movant, after having had ample opportunity to confer with his counsel, submits his Petition and/or Motion upon the verified pleadings filed herein and presents no other evidence.

"Counsel for the movant calls Randy L. Miksell, the movant, to the stand and he refuses to testify. Thereupon, the Respondent presents other evidence and rests.

"The Court finds, from the pleadings filed herein and from the evidence presented, that the Movant's right to counsel, at the time of his original statements, was not denied and that he was in no way coerced, threatened or abused and that nothing was promised to him in obtaining said statements."

Thereafter petitioner filed a notice of appeal and present counsel was appointed by the district court to represent petitioner in this appeal.

The simple question before us is whether or not there is evidence to support the findings of the trial court. The question is examined within the purview of Rule No. 121 (g) of this court which provides:

"BURDEN OF PROOF. The movant has the burden of establishing his grounds for relief by a preponderance of the evidence. The uncorroborated statements of the movant shall be insufficient to sustain the burden of proof." (194 Kan. xxvii.)

Recent applications of the rule may be found in *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528, and *Huston v. State*, 195 Kan. 140, 403 P. 2d 122.

The facts necessary for our review may be briefly summarized.

On May 12, 1963, Maurice Mosher was stabbed to death in Johnson County. On the same day petitioner was arrested and gave the Johnson County Attorney and investigating officers a statement concerning his participation in the murder. The next day, May 13, petitioner gave a statement to an official court reporter in which it was stated that the statement was voluntary and that petitioner had been fully advised as to his constitutional rights and right to counsel. The events recited by petitioner in his statement were corroborated by other evidence in the possession of the state. Petitioner was wearing the dead man's watch when arrested and he had some of the dead man's property in the car, still covered with the victim's blood. Petitioner showed the officers where he washed the murder weapon and where he had hidden the victim's personal effects under a rock near a lake in Johnson County.

On May 15, 1963, petitioner retained two competent attorneys of his own choosing.

During the September, 1963, term of the district court the petitioner, while represented by his retained counsel, entered a plea of guilty to first degree murder under K. S. A. 21-401.

On September 23, 1963, a hearing was had by the district court, pursuant to K. S. A. 21-403, for the purpose of determining the punishment to be imposed, *i. e.*, life imprisonment or the death penalty. During the course of the hearing the confession of May 13, 1963, was admitted in evidence and petitioner was sentenced to life imprisonment by the court. No objection was made to the admission of the confession. In fact, the record reveals that no objection was made to any proceeding by petitioner's counsel during his arraignment or at the hearing for determination of sentence.

At the commencement of the proceeding now before us for review both parties announced that they were ready to proceed and the petitioner, through his attorney, Mr. Lodge, stated that he did not wish to present any testimony in support of his motion. Petitioner further stated in open court that it was his desire and wish not to testify with reference to said motion and requested that it be submitted to the district court upon the verification of the facts stated therein and without any additional evidence.

After the petitioner rested on his motion, without presenting evidence, the state introduced as Exhibits A and B the statements made by petitioner on May 12 and 13, 1963, in each of which it was recited that he was advised of his constitutional rights and his right to counsel prior to any statement being made and further that the statements were voluntary in all respects. Evidence was further offered that the petitioner's attorneys at the time his plea of guilty was entered were available and subject to subpoena by petitioner.

Under the evidence submitted the trial court was clearly justified in finding that the petitioner's right to counsel, at the time of his statements, was not denied and that petitioner was not coerced, threatened or abused and that nothing was promised to him in obtaining said statements.

It is further to be noted that in this case the statement of petitioner was not received in evidence for the purpose of determining the question of guilt, but rather it was received by the court at the hearing to determine punishment. Since the minimum sentence possible was imposed we fail to find how petitioner could have been

prejudiced even assuming, *arguendo,* that his statement was inadmissible.

The petitioner in this case was afforded a full evidentiary hearing, he presented no evidence by his own testimony or otherwise. There was nothing before the trial court except the uncorroborated statements in his motion which were completely refuted by evidence offered by the state. In the recent case of *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652, we held:

"The uncorroborated statements of a movant made in support of a motion brought by him pursuant to K. S. A. 60-1507, to set aside a sentence previously imposed against him, are insufficient to sustain his burden of proof." (Syl. ¶ 7.)

A complete review of the record clearly reveals that petitioner failed to sustain his burden of proof. It is, therefore, apparent the trial court did not err in denying the relief sought by petitioner.

The judgment is affirmed.