No. 44,956

Samuel Lee Chambers, *Appellant,* v. State of Kansas, *Appellee.*

(430 P. 2d 241)

Opinion filed July 12, 1967.

*Jerry J. Miller,* of Olathe, argued the cause and was on the brief for the appellant.

*Hugh H. Kreamer,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *James W. Bouska,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This is an appeal by the plaintiff, Samuel Lee Chambers, from an order overruling his motion to vacate a sentence imposed against him for robbery in the first degree.

Most of the relevant facts are undisputed. On April 23, 1962, the district court of Johnson County appointed Mr. Richard L. Roberts, of Olathe, Kansas, to represent the plaintiff and his co-defendant, Raymond Clayton Wilson. Two days later Chambers and Wilson appeared in court with their appointed counsel, where formal arraignment was waived and pleas of guilty were entered. Wilson was thereupon sentenced to the Kansas State Industrial Reformatory for not less than five nor more than ten years and Chambers was sentenced to a like term in the Kansas State Penitentiary.

Later that same day it was discovered that both Mr. Wilson and

Mr. Chambers had been erroneously sentenced, and the two men were returned into court where the following proceedings took place:

"THE COURT: Mr. Wilson, you may stand and come forward. The sentence heretofore imposed on you of not less than five or more than ten years was provided for burglary in the second degree and not robbery in the first degree. That sentence is set aside. The penalty for robbery in the first degree is not less than ten nor more than twenty-one years. And with that statement, do you have any legal reason to state why the sentence of the Court should not be imposed upon you at this time on your plea of guilty to robbery in the first degree?

"DEFENDANT WILSON: No, I haven't. I will still be going up to Hutchinson?

"THE COURT: You will be sentenced to the Kansas State Industrial Reformatory for a period of not less than ten or more than twenty-one years. The Order with reference to costs and fee will remain the same. That is all.

"THE COURT: Mr. Chambers, you heard the statement about the penalty provision being for robbery in the first degree?

"DEFENDANT CHAMBERS: Yes, sir.

"THE COURT: Now, the penalty provided by the statute is not less than ten or more than twenty-one years. The sentence heretofore imposed upon you this morning is set aside and vacated. And with the understanding that the penalty set forth on the offense of robbery of the first degree is not less than ten or more than twenty-one years, do you have any legal reason to state why the Court should not impose the sentence upon you?

"DEFENDANT CHAMBERS: No, I haven't.

"THE COURT: You are hereby sentenced to the Kansas State Penitentiary at Lansing, Kansas, at hard labor, for a period of not less than ten years or more than twenty-one years (T-2-3)."

On January 18, 1966, Chambers commenced proceedings under K. S. A. 60-1507 attacking the validity of the second sentence. The trial court held an evidentiary hearing on the plaintiff's motion, at which hearing both Chambers and his appointed counsel, Mr. John Johntz, also of Olathe, were present and where Mr. Chambers testified at length.

After his motion was overruled, the plaintiff appealed and is now represented by new assigned counsel, Mr. Jerry J. Miller, of Olathe. Three points are raised on appeal, each of which will be dealt with in order.

It is first urged that the trial court erred in resentencing the plaintiff in the absence of court appointed counsel. Assuming that such a procedure would have been improper, the trial court expressly found, at the conclusion of the hearing on Chamber's 1507 motion, that counsel *was* present during the resentencing procedure.

This finding is well supported. The transcript of the proceedings states that Wilson and Chambers appeared with counsel at the time they were resentenced. The journal entry contains a like statement. It is elementary that findings which are based on substantial competent evidence are not to be set aside on appeal. (*Robinson v. State*, 198 Kan. 543, 545, 426 P. 2d 95.)

It is true that Chambers testified his lawyer was not present at the time of resentence. However, his testimony is not corroborated. Rule No. 121 (*g*) (194 Kan. xxviii) provides that the uncorroborated testimony of a movant is not sufficient to sustain the burden of proof. (See, also, *Cooper v. State*, 196 Kan. 421, 427, 411 P. 2d 652; *Miksell v. State*, 197 Kan. 385, 416 P. 2d 780.)

The plaintiff next argues that once the court had imposed a sentence against him it could not later resentence him.. This contention is without merit. The first sentence was void, since the penalty imposed was that required by law for second degree burglary, not robbery. Accordingly, it was the court's clear duty to set the original sentence aside and impose a valid sentence. (*Richardson v. Hand*, 182 Kan. 326, 320 P. 2d 837, *Bridges v. State*, 197 Kan. 704, P. 2d 45; *State v. Fountaine*, 199 Kan. 434, 430 P. 2d 235.) As was said so well in *King v. United States*, 98 F. 2d 291, 296:

". . . Sentencing should not be a game in which a wrong move by the judge means immunity for the prisoner. . . ."

Neither of the two cases cited by the petitioner on this point sustains his position. In *Layman v. Hudspeth*, 162 Kan. 445, 176 P. 2d 527, the sentence which the court originally imposed was a valid sentence and this court correctly held that a valid sentence may not legally be set aside and the penalty enhanced. Similarly in *Wilson v. Bell*, 137 F. 2d 716, the federal court held that while a defendant may be resentenced where his original sentence was void, a court may not set aside a valid sentence and impose a more severe penalty.

Finally, Chambers contends that his appointed counsel did not tell him his sentence would be not less than ten nor more than twenty-one years. Again, his testimony stands uncorroborated and he has failed to sustain his burden of proof.

But even were we to assume that Chambers was uninformed as to the penalty for robbery when he entered his plea, the court fully advised him thereof when he appeared for resentence. After his

original sentence was vacated, and before he was resentenced, Chambers was asked by the court if he had any legal reason to state why the court should not impose sentence. At that time Chambers made no objection, but replied in the negative. His present contention appears to be an afterthought.

We find nothing in the record which can be said to approach prejudicial error and the judgment of the lower court is affirmed.