NOT DESIGNATED FOR PUBLICATION

No. 114,813

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CORTEZ D. GARLAND,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 3, 2017. Affirmed.

*Carl F. A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.


*Per Curiam*:  Cortez D. Garland appeals the district court's decision to grant the State's motion to correct an illegal sentence, increasing his 24-month postrelease supervision to lifetime postrelease supervision. Finding no error, we affirm.


*Factual and procedural background*

The State charged Garland with aggravated burglary and attempted rape for events occurring in December 2009. The State later amended the complaint to charge aggravated

1

sexual battery in the alternative to attempted rape. Garland entered a guilty plea to the aggravated burglary and aggravated sexual battery charges, and in return, the State dismissed the attempted rape charge. The parties stipulated that Garland's acts were sexually motivated.

At sentencing in 2012, the court found that Garland had a criminal history score of B. The aggravated burglary conviction was a presumptive prison offense with a sentencing range of 114 to 128 months in prison and 24 months of postrelease supervision. Pursuant to the plea agreement, the State recommended a downward durational departure to 100 months in prison for the aggravated burglary conviction. The district court accepted that recommendation and sentenced Garland on the aggravated burglary to 100 months in prison with a postrelease supervision term of 24 months.

With regard to his conviction for aggravated sexual battery, the district court sentenced Garland to 34 months in prison and ordered the sentences to run concurrently.

Three years after sentencing, the State filed a motion to correct illegal sentence. In support of it motion, the State argued the court had imposed a 24-month postrelease supervision term for Garland's aggravated burglary conviction but K.S.A. 2016 Supp. 22-3717(d)(1)(G) required the court to impose lifetime postrelease supervision given Garland also was convicted of aggravated sexual battery. The district court granted the State's motion and resentenced Garland. The district court did not modify the 100-month departure prison sentence imposed as a result of Garland's aggravated burglary conviction. Nor did the court modify the 34-month prison sentence imposed as a result of Garland's aggravated sexual battery conviction, which was ordered to run concurrently to the 100-month sentence. The only sentence modified was the 24-month term of supervised release imposed, which the court modified to a period of lifetime supervised release. Garland appeals, arguing the 24-month postrelease supervision term for his

2

aggravated burglary conviction was a legal sentence when imposed and thus cannot now be modified.

*Did the district court err by granting the State's motion to correct an illegal sentence?*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An illegal sentence is defined to include "a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013).

Generally, courts "do not have jurisdiction to increase legally imposed sentences." *State v. Ballard*, 289 Kan. 1000, 1010, 218 P.3d 432 (2009). But, if a sentence is illegal the defendant must be resentenced. *Chambers v. State*, 199 Kan. 483, 485, 430 P.2d 241 (1967). And a corrected sentence can properly be more severe than the initial illegal sentence. *State v. McCarley*, 287 Kan. 167, 175, 195 P.3d 230 (2008).

In this case, we find the 24-month term of postrelease supervision originally imposed by the sentencing court did not conform to applicable statutory provisions, which makes it illegal. As Garland himself concedes, the 24-month postrelease supervision term was imposed as a result of his conviction for aggravated burglary. The record reflects that the court did not impose any term of postrelease supervision for Garland's aggravated sexual battery conviction. Kansas law unambiguously states that "persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2016 Supp. 22-3717(d)(1)(G). Garland was convicted after July 2006 of aggravated sexual battery, and aggravated sexual battery is defined as a sexually violent crime. K.S.A. 2016 Supp. 22-3717(d)(5)(I). Thus, the statute requires that Garland be sentenced to lifetime postrelease

3

supervision. But the district court did not initially sentence Garland to lifetime postrelease supervision as required by the statute. A district court's failure to comply with this statute results in an illegal sentence. *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009); *State v. Reed*, 50 Kan. App. 2d 1133, 1135-36, 336 P.3d 912 (2014).

In sum, we are unpersuaded by Garland's argument that the durational departure to 100 months in prison for *aggravated burglary* made the 24-month term of postrelease supervision for *aggravated sexual battery* legal.

Affirmed.