NOT DESIGNATED FOR PUBLICATION

No. 116,047

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY A. HUSMAN, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR. judge. Opinion filed March 17, 2017. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*: Larry A. Husman, Jr., appeals the district court's resentencing from 24 months' postrelease supervision to 36 months' postrelease supervision.

Husman entered into a plea agreement on August 11, 2006, where he pled guilty to two counts of aggravated robbery, each a severity level 3 person felony, and one count of criminal possession of a firearm, a severity level 8 person felony. Husman had a criminal history score of E, and the district court granted a departure and sentenced him to 70 months with the Department of Corrections. The district court also ordered 24 months of postrelease supervision. On March 11, 2016, the district court resentenced Husman to 36

1

months' postrelease supervision to correct the illegal sentence of 24 months' postrelease supervision. Husman appeals the resentencing of his postrelease supervision.

On November 7, 2006, the district court, through an order nunc pro tunc, corrected the journal entry of judgment entered on September 14, 2006. The journal entry was corrected to reflect the appropriate postrelease supervision term of 36 months, not 24 months.

On March 11, 2016, the order nunc pro tunc filed on November 7, 2006, was set aside. This attempt to correct the term of postrelease was found to be illegal because Husman was not present. The district court found that Husman had to be present for resentencing to correct the postrelease term. The same day, the court resentenced Husman to 36 months of postrelease supervision. Husman appeals the resentencing of his postrelease supervision.

Under K.S.A. 22-3717(d)(1)(A), "persons sentenced for nondrug severity levels 1 through 4 crimes . . . must serve 36 months . . . on postrelease supervision." Two of Husman's convictions were a severity level 3 crimes, clearly falling under K.S.A. 22-3717(d)(1)(A), requiring 36 months of postrelease supervision.

K.S.A. 2016 Supp. 21-6820(c) (formerly K.S.A. 21-4721[c]) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is (1) within the presumptive Kansas Sentencing Guidelines Act (Guidelines) sentence for the crime, or (2) the result of a plea agreement between the State and the defendant which the trial court approved on the record. See *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences). Specifically, the statute states: "On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) any sentence that is within the presumptive sentence for the crime." K.S.A. 2016 Supp. 21-6820(c)(1).

Here, Husman was charged with three felonies and the 36-month postrelease supervision sentence falls within the presumptive Guidelines sentence for two of the crimes. Therefore, we will not review this sentence.

Even if we could review the sentence, the district court was required to correct the illegal sentence. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An illegal sentence "is a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized; or a sentence which is ambiguous with regard to the time and manner in which it is to be served." *State v. McCarley*, 287 Kan. 167, Syl. ¶ 1, 195 P.3d 230 (2008). If an illegal sentence is imposed, the district court has a clear duty to set aside the original, illegal sentence and impose a valid sentence. *Chambers v. State*, 199 Kan. 483, 485, 430 P.2d 241 (1967). Therefore, the district court had a duty to correct the 24-month postrelease sentence to 36 months' postrelease, as required under K.S.A. 22-3717(d)(1)(A).

Affirmed.