No. 47,366

The State of Kansas, *Appellee,* v. Michael Ray Warbritton, *Appellant.*

(527 P. 2d 1050)

Opinion filed November 2, 1974.

*John J. Ambrosio,* of Topeka, argued the cause and was on the brief for the appellant.

*Donald P. Morrison,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This case grows out of a domestic tragedy which resulted in the defendant's conviction on two counts: (1) aggravated battery against his wife, Carol Sue Warbritton, and (2) aggravated assault upon his mother-in-law, Mary A. Bailey. Pursuant to the provisions of K. S. A. 1972 (now 1973) Supp. 22-3430 the district judge committed the defendant to the Larned State Security Hospital, Dillon Unit, Larned, Kansas, until further order, the period of detention not to exceed the maximum term provided by law for the crimes of which he stood convicted. The present appeal followed.

There is little dispute as to what occurred. Mrs. Bailey and her daughter had returned to the Warbritton home after a trip to St. Marys, Kansas. While Mrs. Bailey was sitting in the living room she heard a shot in the bedroom where Mr. and Mrs. Warbritton were at the time. Going into the bedroom she saw the defendant standing over his wife with a gun in his hand. Carol Sue had been shot in the neck. The defendant ran out of the bedroom after Mr. Bailey, and Mrs. Bailey tried to stop him. She then picked up the Warbritton baby and returned to the living room. Shortly thereafter the defendant entered the living room, took a weapon off the wall and pointed a gun at Mrs. Bailey who was holding the baby.

Basically, two points are raised on appeal: (1) Improper closing argument by the prosecuting attorney and (2) insufficient evidence to establish aggravated assault. Coupled with point (2) is a contention that the district attorney, on final argument, misstated the law as to the assault charge.

We shall take up the points in order. The prosecution's argument which the defendant alleges was improper, went like this:

"MR. MORRISON: . . . Is this a type of offense that we are going to sweep under the carpet and say, 'It was a domestic quarrel, let's not get involved in it', or are we going to give the authorities the opportunity to do something with this man, help him."

An objection was entered to this comment as being "highly objectionable." The objection was sustained and the jury was admonished *in haec verba:*

"THE COURT: Yes, I will sustain that objection to the last comment and the jury will disregard that, now, go ahead."

This court has held that improper remarks uttered by the prosecutor on final summation will not constitute reversible error where the jury has been instructed to disregard the same, unless the remarks were so prejudicial as to have been incurable. (*State v. Curtis,* 108 Kan. 537, 196 Pac. 445; *State v. Hobl,* 108 Kan. 261, 194 Pac. 921.) It is our opinion that whatever error may have inhered in the district attorney's comment in the instant case could be rectified and that the same was cured by the trial court's forthright admonition.

But the defendant argues that it is apparent the jurors were influenced by the prosecutor's statement because they later inquired, in a note sent to the court, as to the possible range of sentence and

whether they could find the defendant guilty and recommend he receive psychiatric assistance. The court replied that the disposition of the defendant was no concern of theirs. Thereafter the jury deliberated for nearly two hours before returning a verdict of guilty.

We view the jurors' note as evidencing nothing more than an understandable concern for the defendant's emotional health and we find nothing in the record to indicate they disregarded the court's second admonition after they retired for further deliberation. As the judge indicated on hearing the motion for new trial, the jurors had adequate time to deliberate upon the verdict after being instructed with regard to the subject matter of their note, without concerning themselves over the disposition of the defendant. In our opinion, no prejudice has been shown which would jeopardize the defendant's right to a fair trial. (*State v. Gauger*, 200 Kan. 515, 438 P. 2d 455; *State v. Murrell*, 215 Kan. 10, 523 P. 2d 348.)

A different situation obtains with respect to the second point raised by Mr. Warbritton. The crux of his argument on this point is that the state failed to prove a necessary element of the assault charge, *i. e.*, that Mrs. Bailey was placed in fear of bodily harm. Thus, he argues, his motion for discharge on the assault charge should have been sustained and a verdict of acquittal should have been entered with respect to that count, citing *State v. Gustin*, 212 Kan. 475, 510 P. 2d 1290. The defendant's argument is predicated on the testimony of Mrs. Bailey that she did not fear for her own safety; that she didn't think Mike would hurt her.

K. S. A. 1971 (now 1973) Supp. 21-3410 sets out the elements of aggravated assault as follows:

"(*a*) Unlawfully assaulting or striking at another with a deadly weapon; or

"(*b*) Committing assault by threatening or menacing another while disguised in any manner designed to conceal identity; or

"(*c*) Willfully and intentionally assaulting another with intent to commit any felony.

Assault itself is defined in K. S. A. 1971 (now 1973) Supp. 21-3408 in the following language:

"An assault is an intentional threat or attempt to do bodily harm to another coupled with apparent ability *and resulting in immediate apprehension of bodily harm*. No bodily contact is necessary." (Emphasis supplied.)

The definition of assault found in 21-3408 follows the language of the pattern instruction set out in PIK 14.01, p. 396. Judicial Council comments, 1968, which immediately follow K. S. A. 1973 Supp. 21-3408, are couched in these words:

"The definition is the one used in Pattern Instructions for Kansas (Sec. 14.01). It follows the tort concept of assault and is narrower than the usual criminal definition of assault. The crime of assault does not usually include the apprehension of bodily harm as a necessary element of the offense. The status of the former Kansas law is not entirely clear. (*State v. Hazen*, 160 Kan. 733, 740.)"

It is evident to us that one of the essential elements of assault under the present statute (21-3408) is an immediate apprehension of bodily harm to his person on the part of the assaultee. In this respect the statute follows language used in *State v. Hazen*, 160 Kan. 733, 740, 165 P. 2d 234, where the court stated:

". . . However defined heretofore, we hold that an assault as that term is used in G. S. 1935, 21-436, is an apparently violent attempt, or a willful offer with force or violence, to do corporal injury to another, without the actual doing of the injury threatened, as by lifting the fist or a cane in a threatening manner and that neither actual intent nor actual present ability to do the injury threatened is necessary if the circumstances are such that the person threatened reasonably believes the injury will be done."

The language in *Hazen* effectively counters the state's contention that apprehension for the safety of a third person, *i. e.*, the Warbritton baby in this instance, is sufficient to bring the case within the statutory definition of criminal assault. In his closing argument, counsel for the state declared that Mrs. Bailey was in fear of great bodily harm, "if not for herself then for the baby. . . . [S]he was afraid he would get shot." The defendant objected to this argument as an erroneous statement of law, but his objection was passed over.

We believe the defendant's objection was valid. The apprehension of bodily harm to which the statute alludes must be the fear of the victim—the person who is assailed—for his or her own safety. Not only is this made clear in the *Hazen* decision, but the pattern instruction on assault in PIK Criminal 56.12, p. 128, fortifies this view.

A second argument is advanced by the state, *i. e.*, that the circumstances under which the assault was made provide a sufficient basis for a finding that Mrs. Bailey "was in immediate apprehension of bodily harm to herself." We might agree that the atmosphere was heavily fraught with danger and was threatening enough to have induced apprehension on the part of Mrs. Bailey for her personal safety. However, Mrs. Bailey consistently denied while she was on the stand that she had any fear for herself; that she thought Mr. Warbritton would not harm her. She testified she was not scared

for herself because she knew the way she was holding the baby, that the defendant would hit it instead of herself, if he pulled the trigger. In the face of positive testimony such as this we cannot say, as urged by the district attorney, that the circumstances were such that, as a matter of law, Mrs. Bailey had fear for herself.

It is incumbent upon the state to prove a criminal charge and to establish the elements which go to compose it. The state failed in this instance to establish an essential ingredient of criminal assault as the present statute defines the term. This court cannot ignore the element of apprehension on the part of the person assaulted so long as that element is included in the statutory definition of assault.

The judgment will be sustained as to the conviction of aggravated battery but reversed as to the conviction of aggravated assault.

It is so ordered.

FROMME, J., dissenting. The defendant was charged with aggravated assault against his mother-in-law by the use of a pistol. During the altercation he not only shot his wife with this pistol but proceeded to threaten his mother-in-law. Whether the mother-in-law was in immediate apprehension of personal bodily harm was a question for the jury to decide. What a person says about his fear or apprehension long after the incident occurred is not controlling. Actions may speak louder than words. On appeal if there is any sound basis in the evidence for a reasonable inference that Mrs. Bailey had fear and apprehension when the incident occurred it is our appellate duty to affirm the conviction and I would do so.

SCHROEDER, J., joins in the foregoing dissent.