No. 48,068

STATE OF KANSAS, *Appellee,* v. ROBERT B. WERKOWSKI, *Appellant.*

(556 P. 2d 420)

Opinion filed November 6, 1976.

*Christopher J. Redmond,* of Redmond and Redmond, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Robert L. Kennedy, Jr.,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The defendant, Robert B. Werkowski, was convicted of aggravated assault in violation of K. S. A. 21-3410, and was sentenced to imprisonment for not less than one year nor more than ten years. He appeals, alleging various trial errors. For reasons hereafter set out, we reverse.

The record discloses a run-of-the-mill tavern brawl. Werkowski

and a friend, David Bolduc, were patrons of the King's Knight Tavern in Derby, Kansas, on May 4, 1974. They were playing pool. Kerry Tabler and his friends, Kendall Wooten, Davey Butler, and Doug Baber, were also in the tavern.

The state presented evidence that Bolduc was "obnoxious"; that he spilled beer on the pool table; that he gave unsolicited advice to others who were playing pool; and that he repeatedly and unnecessarily asked Wooten to move out of the way. Wooten finally refused. Defendant then waved his pool cue at Wooten and said "this will make you move." Wooten took the cue from defendant, laid it down, and then proceeded to shove Bolduc out the door.

Meanwhile, according to the state's evidence, the defendant began stabbing at Kerry Tabler with a pocket knife. Tabler pushed the defendant away and began to run out the door, but defendant—this time without the knife—caught Tabler and grabbed him by the throat. Blows were exchanged. The two struggled until others separated them, at which time the defendant broke away and ran from the tavern, hotly pursued by Tabler, Butler and Baber. They caught up with him in the middle of the street and formed a circle around him. Defendant took out his pocket knife and began swinging it to keep them away from him. Tabler kicked the knife from defendant's hand, and in the process was stabbed in the foot. Werkowski again ran, this time making good his escape.

The defendant denied that he used the knife inside the tavern. His version was that someone grabbed him and a fight started; he grabbed Tabler and someone then pushed him against the wall. He broke loose and ran out the door, but the three men were after him so he pulled out his pocket knife to scare them and make them leave him alone. After Tabler kicked the knife out of his hand, the defendant ran down the highway and got away.

Defendant first contends that the trial court erred in allowing the prosecution to cross-examine him regarding a prior conviction. The state, over timely objection, was permitted to elicit from the defendant, on cross-examination, that he was arrested in Barnstable, Massachusetts some 19 years ago, and that he plead guilty to a misdemeanor, unauthorized use of a motor vehicle or joyriding. He testified that he was home on leave from the service at that time. Two friends asked him to go for a ride. He was not driving and did not know the car did not belong to his friends.

The state contends that defendant's counsel, in his opening statement, commented that the defendant was not the sort of a person to be involved in "that sort of situation," and thus preconditioned the jury to receive more favorably the defendant's testimony; and that by thereafter testifying that he was honorably discharged after serving for twenty years in the United States Air Force, the defendant put his character in issue. We disagree.

The testimony was offered for the sole purpose of impairing defendant's credibility as a witness. K. S. A. 60-421 provides:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his credibility. If the witness be the accused in a criminal proceeding, no evidence of his conviction of a crime shall be admissible for the sole purpose of impairing his credibility unless he has first introduced evidence admissible solely for the purpose of supporting his credibility."

The prior offense, unauthorized use of a motor vehicle, does not necessarily involve dishonesty or false statement, and there is no showing in the evidence before us that these were involved. The prior offense was committed nineteen years before the trial in this case. We have consistently held that the remoteness in time of a prior conviction, if otherwise admissible, affects the weight rather than the admissibility. *State v. Cross,* 216 Kan. 511, 520, 532 P. 2d 1357. But we have also held that the scope and extent of cross-examination of a witness on collateral matters for the purpose of impeachment rests largely in the sound discretion of the trial court. *State v. Belote,* 213 Kan. 291, 516 P. 2d 159; *Tucker v. Lower,* 200 Kan. 1, 5, 434 P. 2d 320. As we suggested in *Lower,* the trial court by exercising sound discretion in this area may prevent a trial from going off on tangents of relative unimportance, as this one did. The fact that a witness used a motor vehicle without authorization once, 19 years ago, would have little probative value upon the question of whether the witness's present testimony is truthful. The obvious prejudicial effect far outweighs its minuscule evidentiary value. The purpose of the second sentence of K. S. A. 60-421 is to encourage defendants in criminal actions to take the stand, and to prevent the prosecution from smearing rather than discrediting the witness.

The opening statement of counsel was not evidence and did not put the defendant's character in issue, nor did the defendant by his testimony open the door. Evidence as to service with the

armed forces and other biographical data does not place credibility in issue.

In *State v. Stokes*, 215 Kan. 5, 7, 523 P. 2d 364, we discussed the statute at length. We said:

". . . Character is not put in issue by the kind of background testimony elicited from nearly every witness as to address, occupation, place of employment, marital status, etc. Such testimony serves more to identify the witness rather than show good character. Where the witness is the accused such biographical data will naturally be somewhat more extensive than in the case of the ordinary witness, but that fact alone does not put the accused's character in issue. . . . [A] defendant may testify, among other things, to his service in the armed forces and the receipt of an honorable discharge without putting his character in issue. . . ."

See, also, *State v. Harris*, 215 Kan. 649, 527 P. 2d 949; *State v. Harris*, 215 Kan. 961, 529 P. 2d 101; *State v. Bright*, 218 Kan. 476, 543 P. 2d 928; *State v. Bowers*, 218 Kan. 736, 545 P. 2d 303.

Credibility of the witnesses was extremely important in this case. The evidence on critical issues was hotly disputed. Thus the evidence of this prior conviction, intentionally introduced by the state for the purpose of impairing defendant's credibility and weakening his effectiveness as a witness, was in clear violation of the statute and cannot be viewed as harmless error.

Defendant also contends that it was similarly error for the state to be permitted to cross-examine him with regard to his involvement in a prior altercation in the same tavern. Much of what we have just said appears applicable to this line of questioning. However, the record indicates that no contemporaneous objection was made. K. S. A. 60-404 provides in substance that a verdict shall not be reversed by reason of the erroneous admission of evidence unless there appears of record a timely and specific objection to the evidence. This rule is applicable in criminal as well as civil proceedings. *State v. Estes*, 216 Kan. 382, 385, 532 P. 2d 1283. Defendant's failure to interpose a timely objection precludes appellate review of this point.

Defendant next contends that the trial court erred in failing to give a requested instruction on the lesser included offense of simple assault. The point is well taken.

Where the crime charged includes some lesser crime, it is the duty of the trial court to instruct the jury not only as to the crime charged, but as to all lesser offenses of which a defendant might be convicted under the information and upon the evidence. This is true whether the instructions have been requested or not; it is

the duty of the court to so instruct even though there is an objection to such instructions. K. S. A. 21-3107 (3). Such instructions are required even where the evidence of the lesser included offense is weak, and consists only of the testimony of the defendant. *State v. Boyd,* 216 Kan. 373, 532 P. 2d 1064. And see *State v. Johnson,* 216 Kan. 445, 532 P. 2d 1325, and *State v. Schoenberger,* 216 Kan. 464, 532 P. 2d 1085.

Simple assault as defined by K. S. A. 21-3408 is clearly a lesser offense included within the crime of aggravated assault with a deadly weapon. *State v. Warbritton,* 215 Kan. 534, 527 P. 2d 1050. Whether such a weapon was used is the distinguishing element.

Here, the evidence was hotly disputed as to whether Werkowski used a knife during the fracas inside the tavern. He denied it, and there was some support for his denial in the testimony of other witnesses. There was evidence that he assaulted Tabler without a knife while they were yet inside the tavern. The lesser included offense thus finds support in the evidence. Clearly this was a disputed fact issue and we conclude that the court erred in failing to instruct on simple assault.

Finally, the defendant contends that the evidence did not support the verdict because the victim was not in immediate apprehension of bodily harm. Tabler's testimony refutes this contention.

In summary, we conclude that under the circumstances disclosed by the record it was prejudicial and reversible error for the trial court, over objection, to permit the state to cross-examine the defendant about a prior and remote misdemeanor conviction, and it was likewise reversible error to fail to instruct the jury on the lesser included offense of assault. For these reasons, the judgment is reversed with directions to grant the defendant a new trial.