No. 48,861

STATE OF KANSAS, *Appellee,* v. BEVERLY J. NELSON, *Appellant.*

(577 P.2d 1178)

Opinion filed May 6, 1978.

*Owen J. Redmond, Jr.,* of Redmond & Redmond, of Wichita, argued the cause, and *James L. Gulley,* of the same firm, was with him on the brief for the appellant.

*Stuart W. Gribble,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Beverly J. Nelson was convicted of aggravated assault with a deadly weapon (K.S.A. 21-3410[a]). Her victim was James Smith, with whom she had been living. At the trial Henry R. Salmans, a police officer, described the action. He heard a shot while on patrol and saw the defendant standing in the intersection of the 1100 block of East Murdock in Wichita. The defendant was firing a revolver at a passing car being driven by James Smith. There was a woman riding in the car with Smith. The car traveled past the intersection and stopped about a half block away. Smith got out of the car and started walking toward the defendant. The officer began approaching the defendant from the opposite direction. The defendant fired a fourth shot in Smith's direction. Smith and the officer converged on the woman. Smith arrived first and, in the course of wrestling the gun away from her, a fifth shot was fired into the pavement. Smith obtained the gun and handed it to the officer. The first three shots struck the side of the car in which Smith and the lady were riding. Defendant was arrested at the scene. She was hysterical and screamed that she

was in love with Smith but was going to kill him. She did not want Smith to run around with another woman. The charge of aggravated assault was filed and a trial to a jury followed.

James Smith was subpoenaed as a witness but failed to appear when the case was tried. Defendant was found guilty. The conviction rests entirely on the testimony of the police officer, Salmans.

On appeal the defendant-appellant contends it was error to deny her motions for acquittal and' for directed verdict. This contention is based on an alleged lack of evidence to prove that defendant's conduct resulted in James Smith being placed in immediate apprehension of bodily harm. He did not testify at trial. His actions as described by the officer indicated a lack of fear for his own safety, in that he advanced toward the defendant and wrestled the gun from her hand.

Appellant cites *State v. Warbritton,* 215 Kan. 534, 527 P.2d 1050 (1974), in which this court held the state must prove the victim was placed in apprehension of bodily harm. In *Warbritton* the victim consistently denied on the stand that she had any fear for herself, even though the defendant had pointed a gun at her in a threatening manner. A divided court held the state had failed to establish a required element of the crime, *i.e.,* that defendant's conduct resulted in the victim being in immediate apprehension of bodily harm.

In *Warbritton* no shots were fired and the victim testified she had no fear of bodily harm. The facts in *Warbritton* are distinguishable from those in the present case. In the present case three shots were fired into the car as it was being driven by James Smith. One shot was fired in his direction as he advanced toward the defendant and another was fired into the pavement. James Smith did not testify at the trial. There can be little doubt an attempt to do bodily harm was coupled with the apparent ability to injure Smith. Even though the defendant fired wide of the mark on all five occasions we believe questions as to her intention and his fear of bodily harm were properly left to the jury. See *State v. Clanton,* 219 Kan. 531, 548 P.2d 768 (1976), and *Gornick v. United States,* 320 F.2d 325 (10th Cir. 1963). The elements necessary to establish a crime may be proved by circumstantial evidence. See *State v. Wilkins,* 215 Kan. 145, Syl. ¶ 4, 523 P.2d 728 (1974), and *State v. Colbert,* 221 Kan. 203, Syl. ¶ 2, 557 P.2d

1235 (1976). The motions for acquittal and for directed verdict were properly overruled in accordance with the rules set forth in *State v. Wilson & Wentworth,* 221 Kan. 359, Syl. ¶ 2, 559 P.2d 374 (1977).

The appellant next contends the trial court erred in failing to instruct the jury on all elements required to establish the aggravated assault. We find merit in this contention.

A simple assault is defined in K.S.A. 21-3408 as follows:

"An assault is an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary."

A simple assault is a lesser included offense of aggravated assault with a deadly weapon. (*State v. Werkowski,* 220 Kan. 648, 652, 556 P.2d 420 [1976]; *State v. Warbritton,* supra.)

Aggravated assault with a deadly weapon is defined in K.S.A. 21-3410(*a*) as follows:

"Aggravated assault is:
"(*a*) Unlawfully assaulting or striking at another with a deadly weapon; . . ."

All elements required to prove a simple assault must necessarily be included in the elements of the greater offense of aggravated assault.

To establish the charge of aggravated assault with a deadly weapon in this case, each of the following claims had to be proved:

1. That the defendant intentionally attempted to do bodily harm to James Smith;

2. That she had apparent ability to cause such bodily harm;

3. That defendant's conduct resulted in James Smith being in immediate apprehension of bodily harm;

4. That the defendant used a deadly weapon; and

5. That this act occurred on or about the 23rd day of September, 1976, in Sedgwick County, Kansas.

See K.S.A. 21-3408, K.S.A. 21-3410, and PIK (Crim.) 56.14.

Over the objection of the defendant the trial court gave the following instruction on the elements necessary to prove the charge:

"The defendant in this case is accused of the offense commonly known as Aggravated Assault. The elements of this offense are as follows:
"(1) That the defendant, Beverly J. Nelson, on or about the 23rd day of September, 1976, within this county and state;

"(2)   Unlawfully and willfully assaulted and struck at another, namely James Smith;

"(3)   With a deadly weapon, namely a .38 caliber revolver.

"To this offense the defendant has entered a plea of not guilty."

The defendant's attorney specifically requested that the trial court give the elements instruction appearing in PIK (Crim.) 56.14. He pointed out that the court's instruction failed to require the state to prove "the defendant's conduct resulted in James Smith being in immediate apprehension of bodily harm." The court refused to change the elements instruction.

On appeal the state cites *State v. Wilson,* 215 Kan. 437, 524 P.2d 224 (1974), and insists the alleged omission was supplied in the subsequent instruction given to define the word "assault". All instructions are to be considered in their entirety.

A definition of the word "assault" did appear in the court's Instruction No. 7 which reads:

"The intent with which an act is committed is a mental state of the actor and, therefore, direct proof of intent is not required. Intent is generally derived from and established by the attendant facts and circumstances shown by the evidence.

"The word 'unlawfully' means without authorization of law.

" 'Willful' ordinarily means intentional, as distinguished from accidental or involuntary. The terms 'knowing,' 'intentional,' 'purposeful,' and 'on purpose' are included within the term 'willful.'

"An 'assault' is an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary.

"There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true."

It is true that the elements omitted from Instruction No. 2 were included in defining the word "assault". However, we feel the jury might well have been misled as to the elements necessary to prove the crime. The possibility is too great to approve the court's instructions. The definitions instruction was separated from the elements instruction by four intervening instructions: (No. 3) An explanation of the use and purpose of the complaint or information, (No. 4) the burden of proof on the state to establish the elements of the offense, (No. 5) an explanation of the meaning of guilt beyond a reasonable doubt, and (No. 6) an instruction as to defendant's right not to testify in her own behalf. In addition the definition of an "assault" was only one of five definitions in-

cluded in Instruction No. 7. A person with a trained legal mind might well have succeeded in drawing the missing elements from the definition of the word "assault" which appeared later in the instructions. We doubt if an ordinary lay person could reasonably be expected to do so. The possibility of prejudice to the defendant is even greater in this case because proof of one of the omitted elements depended entirely on circumstantial evidence. The jury might well have had some doubt as to the proof of that element. The defendant is entitled to a new trial on this point.

The final point raised by appellant concerns the constitutionality of K.S.A. 1977 Supp. 21-4618 which provides for a mandatory term of imprisonment for Article 34 crimes in which the defendant used a firearm in the commission thereof. The constitutional attack is threefold: (1) Cruel and unusual punishment, (2) violation of equal protection, and (3) lack of due process because the statute restricts the judicial power of the sentencing judge.

These three constitutional questions were raised and disposed of in *State v. Freeman,* 223 Kan. 362, 574 P.2d 950 (1978). We hold in *Freeman* the provisions of K.S.A. 1977 Supp. 21-4618 are not constitutionally impermissible for the reasons urged by this appellant. We adhere to what was said in *Freeman.* The point is without merit.

The judgment is reversed because of the error in the court's instructions and the case is remanded for a new trial.