(587 P.2d 343)
No. 49,898

STATE OF KANSAS, *Appellee,* v. HARVEY J. BAYLOR, *Appellant.*

Petition for review denied February 5, 1979.

Opinion filed December 8, 1978.

*James S. Willard* and *Robert D. Hecht,* of Scott, Quinlan & Hecht, of Topeka, for appellant.

*Ronald E. Wurtz,* Assistant District Attorney, *Gene M. Olander,* District Attorney, and *Curt T. Schneider,* Attorney General, for appellee.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: Defendant was convicted of illegal possession of heroin (K.S.A. 1977 Supp. 65-4127a). He appeals. We affirm.

On the night of December 22, 1976, two Topeka police detectives staked out an apartment complex. A confidential informant had reported that defendant planned to return to Topeka from Junction City at about midnight with a quantity of heroin and he would be driving a 1975 silver Lincoln Continental. The information proved accurate. Defendant was apprehended and charged. He was tried and convicted. On defendant's motion, the trial court set aside the conviction and declared a mistrial for prosecutorial misconduct in the prosecution's closing argument. Defendant was tried a second time and again convicted. This appeal is from defendant's second trial and conviction.

Defendant first complains that the prosecutor failed to disclose exculpatory evidence. Defendant argues the identity of the confidential informant who provided the information that led to defendant's arrest became exculpatory evidence during the first

trial when one of the defendant's witnesses implicated the informant as having committed the crime rather than defendant. The identity of the informant was not disclosed by the prosecution prior to or during the first trial but it was disclosed to defendant at his request four days before the second trial. Defendant argues that failure to disclose the allegedly exculpatory evidence during the first trial required or requires dismissal of the charges against defendant. We disagree.

If the informant's identity was exculpatory evidence and if its non-disclosure constituted error, the error occurred during the first trial. That trial was declared a mistrial. Defendant had knowledge of the informant's identity prior to the second trial. Defendant has cited no cases and we have found none where anything other than an order for a new trial has been the remedial action for failure to disclose exculpatory evidence. Defendant's second trial was a new trial.

The only possible error relating to disclosure of the informant's identity upon which defendant might now rely would be its timeliness in relation to his second trial. Disclosure was made upon defendant's request four days prior to that trial. The record indicates that defendant did not request a continuance to seek out the informant. Nor did defendant cause a subpoena to issue for the informant's presence at trial. Furthermore, defendant had relied on the defense that the informant had committed the crime at the first trial. The fact that she was an informant neither prevented defendant from seeking her out nor affected his defense on the claim she was the guilty party. Even if it might be assumed that the informant's identity was exculpatory, defendant has failed to in any way show that there was a lack of timeliness that was prejudicial to his substantial rights. Thus there is no reversible error. *Kansas Savings & Loan Ass'n v. Rich Eckel Construction Co., Inc.,* 223 Kan. 493, Syl. ¶ 1, 576 P.2d 212 (1978).

Defendant next contends that the prejudicial comments of the prosecutor at the first trial which led to the declaration of a mistrial plus a later press release by the prosecutor required or requires dismissal of the charges against defendant. Defendant's argument is that the conduct of the prosecutor was so grossly prejudicial that the second trial should have been barred on the ground defendant was placed in double jeopardy.

The prosecutor made the following comments in his closing argument to the jury at the first trial:

"Based upon the evidence, based upon your own common sense, the law that's given to you, you have two choices. If you think that Mr. Baylor is not guilty, you can find him such and we will all go about our ways. Mr. Baylor will go his and we will go ours; or you can find him guilty as charged and make a dent in a heroin community of Topeka."

The press release of which defendant complains resulted in an article appearing in The Topeka Daily Capital. The article gave defendant's name, age, and address; stated that defendant had been found guilty but his conviction had been set aside because of a mistrial; quoted the prosecutor's prejudicial remarks; gave a brief summary of the evidence against defendant; and concluded that defendant was set free on bond until retrial.

Although defendant's argument appears novel to reported Kansas cases, it is well established elsewhere that where prosecutorial or judicial misconduct causes a defendant to seek a mistrial and such is granted, double jeopardy may bar retrial under some circumstances. *United States v. Jorn,* 400 U.S. 470, 485, 27 L.Ed.2d 543, 91 S.Ct. 547 (1971); *United States v. Dinitz,* 424 U.S. 600, 611, 47 L.Ed.2d 267, 96 S.Ct. 1075 (1976); *Lee v. United States,* 432 U.S. 23, 32-33, 53 L.Ed.2d 80, 97 S.Ct. 2141 (1977); *Divans v. California,* 434 U.S. 1303, 54 L.Ed.2d 14, 98 S.Ct. 1 (1977); *Arizona v. Washington,* 434 U.S. 497, 54 L.Ed.2d 717, 98 S.Ct. 824 (1978). The State with all its powers and resources should not be allowed to make repeated attempts to convict an individual thereby subjecting him to added embarrassment, expense and ordeal, and causing him to live in a continuing state of anxiety and insecurity. *Green v. United States,* 355 U.S. 184, 187-188, 2 L.Ed.2d 199, 78 S.Ct. 221 (1957). The rule is applied to bar retrial where "bad faith conduct by judge or prosecutor" causes a mistrial and affords the prosecution a more favorable opportunity to convict. *United States v. Dinitz,* 424 U.S. at 611. The bar to retrial is not applicable where defendant seeks a mistrial on grounds other than prosecutorial or judicial misconduct which amounts to overreaching. *United States v. Dinitz,* 424 U.S. at 607.

The issue at hand is whether the conduct of which defendant complains was prosecutorial "overreaching."

Other states have dealt with the question of what constitutes

prosecutorial overreaching. See *Commonwealth v. Bolden,* 472 Pa. 602, 640-641, 373 A.2d 90 (1977); *State v. Pulawa,* 58 Hawaii 377, 569 P.2d 900, 905 (1977), *cert. denied* 436 U.S. 925 (1978); *People v. Baca,* ___ Colo. ___, 562 P.2d 411, 414-415 (1977). It is clear that not all prejudicial misconduct by a judge or prosecutor leading to a mistrial will bar defendant's retrial on double jeopardy grounds. There must be some intent or motivation on the part of the judge or prosecutor "to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions." *United States v. Dinitz,* 424 U.S. at 611.

Defendant makes no showing that the prosecutor's closing remarks exhibited intent or motivation to provoke defendant's motion for mistrial. There is nothing to indicate that the trial was going badly and that the prosecutor made the prejudicial remarks hoping to obtain a chance to bring defendant to trial a second time. Several Kansas cases have held that similar prejudicial remarks were cured by an admonishment to the jury. *State v. Perales,* 220 Kan. 777, 780, 556 P.2d 172 (1976) ("that defendant committed the crime and will do it again unless he is convicted"); *State v. Lamb,* 215 Kan. 795, 799, 530 P.2d 20 (1974) ("'if you let Mr. Lamb go today, the next time you drive down U. S. Highway 169 you may be the one that is stopped'"); *State v. Warbritton,* 215 Kan. 534, 535, 527 P.2d 1050 (1974) (jury should convict defendant "'to give the authorities the opportunity to do something with this man, help him'"); *State v. Kelley,* 209 Kan. 699, 704-705, 498 P.2d 87 (1972) (reference was made to the consequences of acquittal on future lawlessness in the community).

The alleged prejudicial press release provided no information not allowable under the Code of Professional Responsibility. See K.S.A. 7-125, D.R. 7-107(C).

The cases cited by defendant involved a much greater degree and intensity of prosecutorial misconduct. They are factually distinguishable. See *United States v. Martin,* 561 F.2d 135 (8th Cir. 1977); *United States v. Grasso,* 552 F.2d 46 (2nd Cir. 1977), U. S. appeal pending; *United States v. Kessler,* 530 F.2d 1246 (5th Cir. 1976); *United States v. Broderick,* 425 F. Supp. 93 (S.D. Fla. 1977).

The prosecutor's remarks here were not so grossly prejudicial as to be considered prosecutorial overreaching. Defendant's mo-

tion to dismiss made at the second trial on double jeopardy grounds was properly denied.

Defendant's last contention is that an illegal search and seizure of his person was conducted during his apprehension. Defendant's conviction was based upon his possession of numerous balloons containing heroin.

Immediately prior to defendant's apprehension, the two detectives who had been observing defendant called to him and requested that he talk with them. Defendant was in an outer stairway in the apartment complex. The detectives observed defendant extend his arm through an opening over a balcony in a rapid motion such as one would make to throw something away. The detectives could only see the back of defendant's hand and were unable to see if anything was actually thrown or dropped. Later, several balloons were found on the ground below the balcony. Upon confrontation by the detectives, defendant became combative and a struggle ensued. It was not known whether defendant was armed so one of the detectives attempted to pat down defendant during the struggle. It was at this time that balloons in a plastic bag were found in defendant's pocket. Defendant contends the balloons in his pocket were illegally seized.

Where there is probable cause for an arrest, a prior search is permissible as a search incident to the lawful arrest provided the arrest follows closely in time. However, the evidence obtained during the search cannot form the basis of the probable cause for the arrest. *State v. Barnes,* 220 Kan. 25, 28-30, 551 P.2d 815 (1976). The detectives' stakeout of defendant's residence was based upon the informant's report concerning defendant's return from Junction City to Topeka with heroin. This information coupled with defendant's furtive behavior when confronted constituted sufficient probable cause to arrest defendant.

Further, the Kansas "stop and frisk" statute (K.S.A. 22-2402) permits an officer to stop a person whom he reasonably believes is committing or has committed a crime and to search that person if he reasonably suspects his personal safety requires it. Here the detectives had reasonable grounds to believe defendant was committing a crime. It was not known whether or not defendant was armed. Defendant became combative with the detectives when confronted. A struggle ensued. Under the circumstances, a

pat down was clearly justified for the personal safety of the two detectives.

Affirmed.