(660 P.2d 978)

No. 54,719

STATE OF KANSAS, *Appellee*, v. DALE V. SMITH, *Appellant*.

Opinion filed March 31, 1983.

*William L. Winkley*, of Salina, for the appellant.

*Keith D. Hoffman*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

FOTH, C.J.: Defendant was convicted of attempted second degree murder and aggravated battery. He had been charged in separate counts of one information with attempted first degree murder and aggravated battery, both arising out of a single shot fired at close range into the victim. On appeal he contends the evidence was insufficient to support the convictions and in any event the two counts are multiplicitous.

The defense in this case was accident. While there was a good deal of evidence to support this theory, there was also evidence from which the jury could reasonably have inferred that the shooting was intentional. It included evidence that defendant arrived at the victim's house, already angry, to collect money due on a drug sale, and that the pistol used had a heavy trigger pull. Both support the jury's finding of an intentional rather than accidental shooting, and meet the sufficiency standard for appellate review set forth in such cases as *State v. Douglas*, 230 Kan. 744, Syl. ¶ 2, 640 P.2d 1259 (1982).

The multiplicity argument, however, has merit and is virtually conceded by the State. Aggravated assault by stabbing and running over with a car is multiplicitous with attempted murder under *State v. Garnes*, 229 Kan. 368, 624 P.2d 448 (1981). By the same token, a single shooting cannot be carved into both attempted murder and aggravated battery. The only difference is the intent with which the act of shooting is committed. If the

defendant intended to kill it is attempted murder; if he did *not* intend to kill but only to injure it is aggravated battery.

By its verdict in this case the jury found the defendant intended to injure his victim and also to kill him. Under *State v. Daniels*, 223 Kan. 266, Syl. ¶ 3, 573 P.2d 607 (1977), aggravated battery is not a lesser included offense of attempted murder. Nevertheless, it is only the element of intent which separates the two offenses under the facts of this case, and the intent to injure is a "lesser" intent than the intent to kill.

Under *State v. Pierce*, 205 Kan. 433, 469 P.2d 308 (1970), the State was entitled to file both charges and have them both submitted to the jury, thus covering any failure of proof which the jury might find. It could not, however, receive a conviction on both charges. See *State v. Sullivan & Sullivan*, 224 Kan. 110, 578 P.2d 1108 (1978), holding that first degree and felony murder charges arising out of one killing could both properly be submitted to the jury, but only in the alternative.

We conclude then that both convictions cannot stand. Since the jury found on substantial competent evidence that defendant intended to kill there is no reason for us to alter the conviction of attempted second degree murder, and that conviction is affirmed. The conviction and sentence for aggravated battery are vacated and defendant is ordered discharged on that count.