(753 P.2d 300)

No. 60,019

STATE OF KANSAS, *Appellee*, v. JOHN D. DANIELS, *Appellant*.

—

Opinion filed July 30, 1987.

*Lucille Marino*, assistant appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Michael C. Hayes*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, P.J., PHILIP L. SIEVE, District Judge, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

WOLESLAGEL, J.: John Daniels directly appeals his jury trial convictions of illegal display of flashing emergency lights and aggravated assault. We reverse each conviction.

Teenagers Jesse Mack Grant and Shannon Evans were traveling by car in a rural area when they approached closely behind the truck of Daniels, which Evans recognized. They soon passed the truck and recognized Daniels as the driver. After passing the truck, the boys saw red lights flashing inside the grille of the truck. Daniels pulled alongside the car and Evans saw him take a pistol from the glove compartment of the truck. The boys increased speed, pulling away and turning onto a crossroad. As they did so, they heard a gunshot and Evans saw the gun protruding from the passenger's window of the truck. Daniels did not turn but continued straight ahead. The boys soon stopped to see if either they or the car had been hit.

### The Flashing Lights Conviction

Taking up the flashing red lights conviction first, it appears the trial judge may have considered the conviction as questionable as he suspended any sentence thereon. It is still of some significance, however, since the charge was based upon an infraction of K.S.A. 8-2010 relating to emergency vehicles and Daniels, therefore, stood convicted of a misdemeanor.

In 1986 the display of flashing red lights was governed by K.S.A. 8-1729, section (c) of which prohibits these lights on this truck. K.S.A. 1986 Supp. 8-2118(c) specifies the fine for "unauthorized lights and signals." It follows that any infraction as to these lights would be merely a traffic offense and his misdemeanor conviction must be set aside.

### The Aggravated Assault Conviction: As a Lesser Included Offense Authorized as a Lesser Degree of Crime of Attempted Second-Degree Murder

Daniels was charged with attempted second-degree murder and the jury was instructed as to that crime. The defendant requested an instruction on simple assault. The judge decided, we believe quite correctly, that if an assault charge was proper it would be aggravated assault because of the evidence of the handgun. Accordingly, he instructed on aggravated assault as a lesser included offense of attempted second-degree murder.

We approach the question of whether an instruction on aggravated assault was authorized by reading K.S.A. 1986 Supp. 21-3107, the parts applicable here providing:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;

. . .

"(d) a crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced."

For the most part, our courts have considered only subsection (2)(d), which covers lesser included crimes in reviewing convictions on lesser crimes or claims that instructions on lesser crimes should have been given. It may be that, because subsection (2)(a) is so seldom involved in appellate court litigation (we find only two such cases, which will be noted later), an apparent semantic problem has evolved. It seems crimes under subsection (2)(d) are ordinarily spoken of as "lesser included crimes," while crimes under subsection (2)(a) are spoken of, when at all, as "lesser degree crimes." The statute provides that both sections refer to "included crimes." They both also refer to crimes that are lower, or lesser, in order, in that they carry lesser penalties. The only proper distinction would seem to be the basis which allows each to be a lesser included crime. We first discuss subsection (2)(a) as a possible basis, which requires consideration of certain statutory definitions and court decisions as to the elements of the two respective crimes.

Murder in the second degree is the malicious killing of a human being committed without deliberation or premeditation and not in the perpetration or attempt to perpetrate a felony. K.S.A. 21-3402. An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime. K.S.A. 1986 Supp. 21-3301(a).

Insofar as is pertinent here, aggravated assault is unlawfully assaulting or striking at another with a deadly weapon. K.S.A. 21-3410(a). Although the State points to the words "striking at" and asserts the elements of simple assault are not all required for aggravated assault, this proposition was rejected in *State v. Nelson*, 224 Kan. 95, 97-98, 577 P.2d 1178 (1978).

Turning now to the two cases in which our Supreme Court held there was a lesser included crime based upon subsection (2)(a), we note that in *State v. Gregory*, 218 Kan. 180, 182-83, 542 P.2d 1051 (1975), the court looked to common-law precedents to determine that manslaughter is a lesser degree of murder, both being part of the generic crime of homicide. In *State v. Long*, 234 Kan. 580, 590-92, 675 P.2d 832 (1984), the court again looked to common-law precedents to conclude that theft is a lesser degree of robbery. Thus, it appears that the common law is the guide for determining whether one crime is a lesser degree of another. We find no common-law authority on the relationship between attempted second-degree murder and aggravated assault.

Apparently, the common-law rule is that an assault is an attempt to commit a battery. 2 Wharton's Criminal Law § 179 (14th ed. 1979). "An assault, as thus defined . . . may be committed even though the victim is entirely unaware of the impending battery." 2 Wharton's Criminal Law § 179, p. 300. In Kansas, battery is "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner." K.S.A. 21-3412. It becomes aggravated battery when done instead "with intent to injure that person or another" and it inflicts great bodily harm, or causes any disfigurement or dismemberment, or is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted. K.S.A. 21-3414.

An attempt to commit aggravated battery appears to differ from an attempt to commit second-degree murder only because it requires an intent to injure rather than an intent to kill. See *State v. Smith*, 8 Kan. App. 2d 494, 660 P.2d 978, *rev. denied* 234 Kan. 1077 (1983) (charges of attempted second-degree murder and aggravated battery are multiplicitous because the only difference between them is the intent with which the act is committed). The intent to injure would appear to be merely a lesser degree of the intent to kill, a lesser included intent.

In Kansas today, however, as in most states, an assault is not necessarily an attempted battery. As stated in 2 Wharton's Criminal Law § 180, pp. 300-01:

"In most jurisdictions, there is another way by which an assault may be committed: by defendant's performing an act which places another in reasonable apprehension of an imminent contact. (This also happens to be the tort theory of assault.) Under this theory of assault, the defendant need not intend to cause a contact, and by definition the victim must be aware of the impending contact."

As the Judicial Council note to K.S.A. 21-3408 indicates, the definition of assault under the criminal code adopted in 1969 "follows the tort concept of assault and is narrower than the usual criminal definition of assault. The crime of assault does not usually include the apprehension of bodily harm as a necessary element of the offense. The status of the former Kansas law is not entirely clear." Under this theory of assault, the defendant's intent is not the determining factor; the focus is shifted to the victim's perception of impending harm. Also, the defendant may intend either just to threaten or to do bodily harm. K.S.A. 21-3408. These differences would seem to remove assault from the category of lesser degree of attempted second-degree murder, and that is our conclusion.

### The Aggravated Assault Conviction: As a Lesser Included Offense Authorized as a Crime Necessarily Proved if the Crime of Attempted Second-degree Murder Were Proved

The test for determining if a lesser included offense may be based upon subsection (2)(d) is not complex. It was recently repeated in *State v. Galloway*, 238 Kan. 415, 417, 710 P.2d 1320 (1985):

"In *State v. Coberly*, 233 Kan. 100, 661 P.2d 383 (1983), the court held that 'an offense is considered a lesser included offense under K.S.A. 21-3107(2)(d) when all elements necessary to prove the lesser offense are present and required to establish the elements of the greater offense charged.' 233 Kan. at 107. Put differently, if the lesser offense requires an element to be proven that is not required of the greater offense, it is not a lesser included offense. *State v. Daniels*, 223 Kan. 266, 573 P.2d 607 (1977)."

As we observed earlier, aggravated assault must include the elements of simple assault. As we also observed earlier, simple assault requires that the victim be immediately apprehensive of bodily harm. See *Nelson*, 224 Kan. at 97; K.S.A. 21-3408; PIK Crim. 2d 56.12. We also noted earlier that the defendant need not attempt a battery. It is sufficient if he merely threatens.

Attempted second-degree murder, to the contrary, requires

attempt to harm; apprehension by the victim is not an element. It follows that subsection (2)(d) does not permit aggravated assault to be considered as a lesser included crime of attempted second-degree murder. See *Daniels*, 223 Kan. at 272, holding aggravated battery is not a lesser included offense of attempted murder.

In an attempt to prevent the collapse of this conviction, the State offers three propositions, but we find them invalid:

1. The State says it could not separately charge attempted second-degree murder and aggravated assault because the information would have been multiplicitous and thus defective. Nevertheless, the State could have charged the two crimes alternatively. *State v. Smith*, 8 Kan. App. 2d at 495.

2. The State shows that Daniels did not object to the aggravated assault instruction. Even so, a court is without jurisdiction to convict unless the offense is charged or is a lesser included offense. This applies even if the defendant requests an instruction on the uncharged offense. *State v. Chatmon*, 234 Kan. 197, 204-05, 671 P.2d 531 (1983).

3. The State claims it was not clearly error to instruct on aggravated assault as a lesser included offense of attempted second-degree murder because our appellate courts have never passed upon the question. The instruction was clearly erroneous, however, because the jury would have been compelled to return a different verdict if the instruction had not been given. See *State v. Maxwell*, 234 Kan. 393, 399, 672 P.2d 590 (1983). Further, as shown before, the court had no jurisdiction under the circumstances as to aggravated assault.

Daniels claims other grounds for reversal, but it is now unnecessary for us to address them.

The convictions are reversed and set aside as void.