Allyson Christman Legal Counsel Kansas Highway Patrol 122 SW Seventh Street Topeka, Kansas 66603-3847
Dear Ms. Christman:
You request our opinion on whether law enforcement officers may enforce K.S.A. 8-1729(b) against drivers with "ground effect" or "auto neon" lighting visible from directly in front of the center of their vehicle. This lighting is typically visible from all sides of the vehicle, including from directly in front, and is sometimes referred to as "glowers" or "boogie lights." Often, the color of the light is purple, blue, green or pink. You note that this type of lighting has become increasingly popular in the last few years and that some municipal courts find that this type of lighting violates K.S.A. 8-1729(b). You indicate that the Highway Patrol has not enforced K.S.A. 8-1729 against drivers whose vehicles have such lighting, because of previous interpretations of that statute. However, you believe such lighting violates K.S.A. 8-1729(b) and request our opinion on that issue.
K.S.A. 8-1729 provides:
 "(a) During the times specified in K.S.A. 8-1703, any lighted lamp or illuminating device upon a motor vehicle, other than head lamps, spot lamps, auxiliary lamps, flashing turn signals, vehicular hazard warning lamps and school bus warning lamps, which projects a beam of light of an intensity greater than three hundred (300) candlepower shall be so directed that no part of the high intensity portion of the beam will strike the level of the roadway on which the vehicle stands at a distance of more than seventy-five (75) feet from the vehicle.
"(b) Except as required or permitted in K.S.A. 8-1720 and 8-1730, and any amendments thereto, no person shall drive or move any vehicle or equipment upon any highway with any lamp or device capable of displaying a red light visible from directly in front of the center thereof, norshall any vehicle or equipment upon any highway have any lamp or devicedisplaying any color of light visible from directly in front of thecenter thereof except white or amber or any shade of color between whiteand amber.
"(c) Flashing lights are prohibited except as authorized or required in K.S.A. 8-1717, 8-1720, 8-1721, 8-1722, 8-1723(e), 8-1730, 8-1730a and 8-1731, and any amendments thereto.
"(d) The flashing lights described in K.S.A. 8-1720, 8-1730 and 8-1730a, and any amendments thereto, shall not be used on any vehicle other than a school bus, church bus or day care program bus, as defined in K.S.A.8-1730a, or an authorized emergency vehicle.
"(e) All lighting devices and reflectors mounted on the rear of any vehicle shall display or reflect a red color, except the stop light or other signal device, which may be red, amber or yellow, and except that the light illuminating the license plate shall be white and the light emitted by a back-up lamp shall be white or amber."[1]
K.S.A. 8-1720 and 8-1730 speak to lamps and lights on authorized vehicles, such as school buses, ambulances and police vehicles. In addition, K.S.A. 8-1723 permits some additional lighting on certain motor vehicles, but requires that the lights be red, white or amber in color.[2] We are not addressing these types of lights. Rather, this opinion is directed toward vehicles or lights that do not fall under the ambit of these statutory exceptions.
The usual objection to the type of lights in question is that, when used on a public road, the lights are too bright, can distract other drivers, or can resemble emergency vehicle lighting. Neon or ground lighting was not in vogue when K.S.A. 8-1729 was first enacted,[3] nor was it common when any of the amendments to the statute were added.[4]
Other states allow only red, yellow, amber and white lights on motor vehicles.[5] Where such neon or ground lighting is specifically authorized, it is usually limited to certain colors or candle power, and almost always prohibited if visible from the front of the vehicle.[6]
Violation of K.S.A. 8-1729 is a traffic violation and is not criminal in nature.[7] K.S.A. 8-1729(b) clearly prohibits a non-exempt vehicle from displaying any color of light other than white or amber that is visible from directly in front of the center of the vehicle. Whether a light other that white or amber is used, and is displayed or visible from directly in front of the center of a vehicle, are fact issues.[8]
We are faced with a literal reading of a statute that, on its face, clearly prohibits conduct that was probably not anticipated when the language therein was enacted. However, it is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the Legislature governs if that intent can be ascertained; the Legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted.[9] In construing statutes, legislative intent is to be determined from a general consideration of the entire act, and effect must be given, if possible, to the entire act and every part thereof; to this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.[10] When the statutory text is unambiguous, there is no need to consult extrinsic materials, such as legislative history.[11]
Unless the Legislature is persuaded to amend K.S.A. 8-1729,[12] it is our opinion that K.S.A. 8-1729(b) prohibits the use of any lights on a motor vehicle that display any color other than white or amber showing from directly in front of the center of the vehicle. In the proper circumstances, this may include neon or ground lights on a vehicle.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] Emphasis added.
[2] Amber and white lamps for a running board, back up, side cowl or fenders, side markers, or identification.
[3] L. 1974, Ch. 33, § 8-1729.
[4] L. 1975, Ch. 39, § 24; L. 1978, Ch. 40, § 1; L. 1980, Ch. 43, § 1.
[5] See e.g. Texas Statutes §§ 547. 301 et seq.; Nebraska § 60-6, 230; Mississippi §§ 63-7-17 and 63-7-23.
[6] See e.g. California Vehicle Code §§ 25102 et seq.
[7] State v. Daniels, 12 Kan. App. 2d 479 (1987).
[8] We note that K.S.A. 8-1729(a) and (e) may also come into play in some situations involving neon or ground lighting on a vehicle.
[9] Moore v. Bird Engineering Co., P.A., ____ Kan. ____, 41 P.3d 755
(2002).
[10] CPI Qualified Plan Consultants, Inc., Delaware v. Kansas Dept.Of Human Resources, ___ Kan. ___, 38 P.3d 666 (2002).
[11] State v. Scherzer, 254 Kan. 926 (1994).
[12] A 2002 attempt to amend K.S.A. 8-1729 to allow neon or ground lighting did not pass. See 2002 H.B. No. 2693, as amended by the Senate Committee as a Whole.