No. 48,867

STATE OF KANSAS, *Appellee,* v. HAROLD DANIELS, *Appellant.*

(573 P.2d 607)

Opinion filed December 10, 1977.

*Stanley E. Antrim,* of Light, Yoxall, Antrim & Richardson, of Liberal, and *Lawrence D. Tackett,* of Haines, Cowgill, Andell and Fuqua, of Houston, Texas, argued the cause and *Michael P. Haines,* of Haines, Cowgill, Andell & Fuqua, Houston, Texas, was with them on the brief for appellant.

*Tom R. Smith,* county attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Nancy Schmidt,* of Frey, Smith and Schmidt, Liberal, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal by the defendant-appellant from a conviction of aggravated battery (K.S.A. 21-3414).

Defendant was charged with attempted murder (K.S.A. 21-3301 and K.S.A. 21-3401) against Jimmie Rogers and simple battery (K.S.A. 21-3412) against Ms. Sharon Goodhart. The trial court,

over defendant's strenuous objection, gave instructions that aggravated battery, aggravated assault and criminal injury to persons were lesser included offenses of attempted murder. Defendant was found not guilty of attempted murder and guilty of aggravated battery. The defendant was also found not guilty of the charge of simple battery against Ms. Goodhart.

Defendant alleges he has been denied his constitutional right to due process of law in being convicted of a crime based upon a charge not made in the information.

The question squarely before this court is whether it was error for the trial court to give an instruction on the crimes of aggravated battery, aggravated assault and criminal injury to persons as being lesser included offenses of attempted murder.

In the early morning hours of June 14, 1975, Harold Daniels became suspicious of his wife's fidelity when she arrived at their home in Satanta around three o'clock a.m. Harold Daniels dressed and took his wife with him to his place of business, a feedlot in Satanta, where he armed himself with a loaded pistol and then drove to Liberal, Kansas, in search of his wife's alleged paramour, one Jimmie Rogers. When they arrived in Liberal, defendant drove to the home of his brother, Lee Daniels, and requested that he accompany them in search of Jimmie Rogers.

Defendant, his wife and his brother eventually found Jimmie Rogers' pickup truck in the driveway at the residence of Ms. Sharon Goodhart in Liberal, Kansas. Defendant entered Ms. Goodhart's home in search of Jimmie Rogers and as he did so, Mrs. Daniels ran to Rogers' pickup, where Rogers was asleep in the seat. Mrs. Daniels began beating on the truck window in an attempt to awaken Rogers. Defendant immediately emerged from Ms. Goodhart's residence and in doing so, as she attempted to restrain him, she was pushed aside, resulting in the charge of simple battery. Defendant proceeded to Jimmie Rogers' truck and fired a number of shots into the cab of the truck, wounding Jimmie Rogers. There is a divergence in the testimony as to whether Jimmie Rogers ever awoke before being shot. The affray ended when defendant's brother, Lee Daniels, grabbed defendant's arm and attempted to take the gun away from him.

Ms. Goodhart called the police and the defendant, his wife and brother got in their pickup and left the scene. Later that day defendant was arrested upon a warrant charging him with aggravated battery in violation of K.S.A. 21-3414.

On July 24, 1975, an amended complaint was filed charging Harold Daniels in count one with attempted murder, count two with aggravated battery, both against the victim, Jimmie Rogers, and count three with simple battery against Ms. Sharon Goodhart.

The amended information, eliminating formal parts, charged:

Count I. ". . . one HAROLD DANIELS did then and there UNLAWFULLY, FELONIOUSLY, and willfully commit the offense of committing an overt act toward the perpetration of the crime of murder of Jimmie Rogers as defined by K.S.A. 21-3401 and with the intent to commit said crime that failed in the perpetration thereof. In violation of K.S.A. 21-3301; . . ."

Count II. ". . . the said HAROLD DANIELS did then and there unlawfully, willfully and feloniously commit the offense of touching or applying force to the person of another, to-wit: Jimmie Rogers, with the intent to injure said Jimmie Rogers and did inflict great bodily harm upon said Jimmie Rogers. In violation of K.S.A. 21-3414; . . ."

Count III. ". . . the said HAROLD DANIELS did then and there unlawfully, willfully and intentionally touch the person of another, to-wit: Sharon Goodhart, in a rude, insolent and angry manner. In violation of K.S.A. 21-3412; . . ."

The defendant filed a motion to require the State to elect between counts one and two of the information. At a hearing on this motion the State dismissed count two. The case went to trial before a jury on March 29, 1976, on the charges of attempted murder against Jimmie Rogers, count one, and simple battery against Sharon Goodhart, count three. At trial, defendant's version of the incident was he had no intention of harming Rogers but just wanted to talk with him about what was going on with defendant's wife and he shot in self-defense as Jimmie Rogers bent over in his truck reaching for what defendant believed to be a pistol.

After the evidence was in, the court instructed the jury on the elements of attempted murder and, over the objection of defense counsel, instructed that aggravated battery, aggravated assault and criminal injury to persons were lesser included offenses of attempted murder.

Pertinent instructions given by the court were:

"INSTRUCTION NO. 2.

"The offense of attempted murder with which the Defendant is charged includes the lesser offenses of aggravated battery, aggravated assault, and criminal injury to persons.

· "You may find the Defendant guilty of attempted murder or aggravated battery, or aggravated assault, or criminal injury to persons, or not guilty.

"Where there is reasonable doubt as to which of two or more offenses the Defendant is guilty, he may be convicted of the lesser offense only.

"Your foreman should sign the appropriate verdict form. The other verdict forms are to be left unsigned."

"INSTRUCTION NO. 3.

"The defendant is charged with the crime of an attempt to commit the crime of murder. The defendant pleads not guilty.

"To establish this charge each of the following claims must be proved:

"1.   That the defendant performed an act towared the commission of the crime of murder but failed to consummate its commission;

"2.   That the defendant did so with the intent to commit the crime of murder; and

"3.   That this act occurred on or about the 14th day of June, 1975, in Seward County, Kansas.

"4.   The crime of murder is defined as the killing of a human being, committed maliciously, willfully, deliberately and with premeditation.

" 'Maliciously' means willfully doing a wrongful act without just cause or excuse.

" 'Willfully' means conduct that is purposeful and intentional and not accidental.

" 'Intentionally' means conduct that is purposeful and willful and not accidental.

" 'Deliberately and with premeditation' means to have thought over the matter beforehand."

"INSTRUCTION NO. 4.

"If you find the defendant not guilty of attempted murder you shall consider if he is guilty of aggravated battery.

"To establish this charge, each of the following claims must be proved:

"1.   That the defendant intentionally applied force to the person of Jimmie Rogers.

"2.   That it was done with the intent to injure Jimmie Rogers.

"3.   That it was done with a deadly weapon.

"4.   That this act occurred on or about the 14th day of June, 1975, in Seward County, Kansas."

Defendant objected to instructions two and four as well as those defining aggravated assault and criminal injury to persons.

The jury returned a verdict of not guilty of attempted murder, not guilty of simple battery, but guilty of aggravated battery. Defendant renewed his objection to the instructions at a motion for a new trial which was overruled.

The problem of lesser included offenses is controlled by K.S.A. 21-3107 and has been before this court on numerous occasions. The pertinent portions of the statute provide:

"21-3107. **Multiple prosecutions for same act.** (1) When the same conduct of a

defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2)   Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (a) A lesser degree of the same crime;

"(b) An attempt to commit the crime charged;

"(c) An attempt to commit a lesser degree of the crime charged; or

"(d) A crime necessarily proved if the crime charged were proved."

The instructions objected to by defendant state that the crime of aggravated battery is a lesser included offense of the crime of attempted murder. We have set forth repeatedly the test to determine what is considered a lesser included offense under subsection (2)(d) of the statute.

"A lesser offense is considered a lesser included offense under K.S.A. 21-3107(2)(d) when all elements necessary to prove the lesser offense must be present to establish the elements of the greater offense." (*Wisner v. State*, 216 Kan. 523, Syl. 2, 532 P.2d 1051.)

Under this test, if the lesser offense requires proof of an element not necessary in the greater, the court should not instruct the jury that the defendant can be found guilty of the lesser offense.

For the crime of aggravated battery to be a lesser included offense of attempted murder, it is necessary that each element of the crime of aggravated battery be present in the elements of the crime of attempted murder. One of the elements of aggravated battery requires ".  .  .   the unlawful touching or application of force to the person of another   .  .  ." There is no such requirement in the elements necessary to establish the crime of attempted murder. While in the instant case there was an unlawful application of force to the person of Jimmie Rogers and all of the necessary elements of aggravated battery actually occurred, that is not the test. If the defendant's brother had been successful in deflecting the shots so that no injury (*i.e.* unlawful touching or application of force) resulted to Rogers one of the necessary elements of aggravated battery would be lacking although the overt act of attempted murder would be present.

Appellee attempts to justify the State's position by arguing that the evidence as developed in this particular case is the controlling factor. The appellee's position as stated in its brief is:

"The appellee contends that under the evidence adduced at the trial, it is quite clear that the overt act, which is not in and of itself an element of the crime, was the shooting of Rogers by Daniels being the very same element of touching for aggravated battery.

"In the instant case, there was but a single act of violence; the shooting of Rogers. That one act met the requirement of the overt act for attempted murder and the application of force to a person of another for aggravated battery. The intent to kill required for attempted murder is the same as the intent to injure required for aggravated battery.

"Since aggravated battery would have had to have been proven if attempted murder were proved under the evidence in this case, aggravated battery is included in the charge of attempted murder."

K.S.A. 21-3301 and 21-3401 set forth the elements of attempted murder while K.S.A. 21-3414 sets forth the elements of aggravated battery. In the instant case the charges in the information were couched in the terms of the statutes.

The Sixth Amendment of the United States Constitution provides, in part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; . . ." See also, Kansas Constitution, Bill of Rights, Section 10.

It has been held that a conviction based upon an information which does not sufficiently charge the offense is void. (*State v. Minor,* 197 Kan. 296, 416 P.2d 724.) However, as to lesser included crimes, the charging of the greater satisfies the notice requirements for the lesser and the greater offense carries all lesser included offenses with it into the trial under K.S.A. 21-3107(2) and (3). The statute, however, does not provide notice as to other charges not included in the information or indictment.

"The right of the prosecutor is limited to the offense of which defendant has been given notice by the indictment and the defendant is not subject to conviction for other offenses because of the nature of the proof." (*Kelly v. United States,* 370 F.2d 227 [D.C. Cir. 1966], *cert. den.* 388 U.S. 913, 18 L.Ed.2d 1355, 87 S.Ct. 2127 [1967].)

The same argument made by the state in this case was before this court in *State v. Wisner,* supra. In *Wisner,* based upon the facts that developed during the trial, the trial court instructed the jury that rape was a lesser included offense of aggravated kidnapping. This court reversed, stating at page 525:

"While it is true that the state offered evidence of rape in the instant case to provide the factual element of "bodily harm" required by aggravated kidnapping, it is clear that rape is not a necessary element of the greater offense of aggravated

kidnapping. For a lesser offense to be necessarily included in the offense charged it must be such that the greater offense cannot be committed without also committing the lesser. Obviously, it is possible to commit aggravated kidnapping without committing rape. The act of sexual intercourse is not a necessary element of aggravated kidnapping."

It is equally true that the crime of attempted murder may be committed without committing aggravated battery. The factual element of the "unlawful touching or application of force to the person of another" required to prove the crime of aggravated battery is not a necessary element of the crime of attempted murder.

Accordingly, in the present case the trial court erred in instructing the jury that aggravated battery was a lesser included offense of the crime of attempted murder. In view of the decision reached it is not necessary to consider the other crimes instructed upon or defendant's other point on appeal.

The judgment is reversed and the cause remanded with directions to set aside the conviction and discharge the defendant.

It Is So Ordered.