No. 95,818

STATE OF KANSAS, *Appellant/Cross-appellee*, v. STEVEN M. McCARLEY, *Appellee/Cross-appellant*.

(195 P.3d 230)

Opinion filed November 7, 2008.

*Boyd K. Isherwood,* assistant district attorney, argued the cause, and *Nola Tedesco Foulston,* district attorney, and *Phill Kline,* attorney general, were with him on the briefs for appellant/cross appellee.

*Patrick H. Dunn,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellee/cross appellant.

The opinion of the court was delivered by

NUSS, J.: Steven M. McCarley was convicted by a jury of reckless aggravated battery, a severity level 5 person felony. The conviction, however, was erroneously classified as a severity level 8 person felony in the presentence investigation report. Because no one caught the error, the trial court sentenced McCarley to the appropriate grid sentence under the Kansas Sentencing Guidelines Act for a level 8 offense—23 months' imprisonment—rather than the level 5 offense—122 to 136 months' imprisonment.

When the State discovered the error, it filed a motion to correct an illegal sentence. When that motion was denied, the State appealed and McCarley cross-appealed. A split Court of Appeals rejected all allegations of error in *State v. McCarley*, 38 Kan. App. 2d 165, 166 P.3d 418 (2007). This court granted the respective petitions and cross-petitions for review under K.S.A. 20-3018(b).

The issues on appeal, and this court's accompanying holdings, are as follows:

1. Did the trial court have jurisdiction to correct a purported illegal sentence when the illegality favored McCarley? Yes.
2. Did the trial court lack jurisdiction to convict McCarley of level 5 reckless aggravated battery because that crime was never charged in the complaint and purportedly is not a lesser included offense of intentional aggravated battery? No.
3. Did the trial court err when it failed to instruct the jury that McCarley's actions had to be the proximate cause of the victim's injuries to find him guilty of reckless aggravated battery? No.

Accordingly, we reverse the judgments of the Court of Appeals and trial court on issue 1 and remand to the trial court to correct McCarley's illegal sentence. We affirm their judgments on issues 2 and 3.

## FACTS

The essential facts are not in dispute. Steven M. McCarley backed his pickup into Nick and Sonya Cosentino's car in a Wichita parking lot. When McCarley refused to provide the Cosentinos with his name or insurance information, Sonya left to call the police. As McCarley was backing out to leave, Sonya ran to place herself directly behind the pickup, and it bumped her in the chest. When McCarley started to pull forward, Nick jumped partway into the pickup cab and then fell out or was pushed.

McCarley was charged with two counts of aggravated battery, one against Sonya, and one against Nick. The jury also was instructed on lesser included offenses and, on count two involving Nick, was instructed on the elements of reckless aggravated battery, which required a finding that "McCarley recklessly caused

great bodily harm or disfigurement to Nicola 'Nick' Cosentino." This instruction thus described aggravated battery as contained in K.S.A. 21-3414(a)(2)(A), a severity level 5 person felony. The jury acquitted McCarley of the charges involving Sonya, but convicted him of reckless aggravated battery against Nick.

At sentencing, the presentence investigation (PSI) report incorrectly listed the conviction pursuant to K.S.A. 21-3414(a)(2)(B), reckless aggravated battery, but a severity level 8 person felony. Unlike the level 5 aggravated battery, which requires great bodily harm to be caused, the level 8 crime is defined as "recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm . . . *can* be inflicted." (Emphasis added.) K.S.A. 21-3414(a)(2)(B). When the trial court inquired of counsel whether there was any question as to the severity level or criminal history shown in the PSI report, both counsel agreed that the report was correct. McCarley was then sentenced to 23 months' incarceration—an appropriate grid sentence under the Kansas Sentencing Guidelines Act, K.S.A. 21-4704, for a severity level 8 person felony with a criminal history score of A.

After time for appeal had expired, and approximately 34 days after sentencing, the State filed a motion to correct an illegal sentence under the authority of K.S.A. 22-3504. It argued that McCarley's sentence for a severity level 8 offense of aggravated battery under K.S.A. 21-3414(a)(2)(B) did not conform with the statutory provisions of a level 5 offense under K.S.A. 21-3414(a)(2)(A), the offense of conviction. It observed that those guidelines for the latter offense call for a sentence of 122 to 136 months. See K.S.A. 21-4704.

After a hearing, the trial court denied the motion, opining that it could not correct an illegal sentence if the correct sentence would be harsher than the original one imposed.

The State appealed and McCarley cross-appealed, arguing that the trial court lacked jurisdiction to convict him of the level 5 offense and that the court erred in failing to instruct the jury on proximate cause. The Court of Appeals affirmed McCarley's convictions and denied the cross-appeal. However, with Judge Knud-

son dissenting, it refused to remand to correct the sentence. *McCarley,* 38 Kan. App. 2d 165.

## ANALYSIS

*Issue 1: District courts have jurisdiction to correct purported illegal sentences when the illegality favors the defendant.*

McCarley generally adopts the position of the Court of Appeals majority opinion. The majority first held that the State had no right to appeal the denial of a motion to correct an illegal sentence under K.S.A. 21-4721(e)(3) (appellate court may review a claim that the sentencing court erred in ranking the crime severity level of the current crime). It correctly noted that the statute deals with appeals; neither party had preserved a direct appeal of the sentence. The majority ultimately allowed the appeal under K.S.A. 22-3602(b)(3), however, by construing the State's motion and argument as a question reserved. Included in the reserved question was whether the sentence was illegal. 38 Kan. App. 2d at 171.

With this framework in mind, the Court of Appeals majority then held that the sentence was not illegal under K.S.A. 22-3504(1) for any of the three reasons recognized by case law. See, *e.g., State v. Nash,* 281 Kan. 600, Syl. ¶ 1, 133 P.3d 836 (2006). First, it was not imposed by a court without jurisdiction. Second, the sentence did not fail to conform with the offense of aggravated battery as to its character and term of punishment authorized. Third, the sentence was not ambiguous as to time or manner in which it was to be served. The majority further held that even if the sentence were illegal, the State had agreed to the severity level; the doctrine of invited error therefore precluded any challenge. *McCarley,* 38 Kan. App. 2d at 176-77.

Judge Knudson dissented, for reasons the State generally adopts on appeal to this court. He opined that because an illegal sentence was alleged, this court had jurisdiction to review under *State v. Vanwey,* 262 Kan. 524, Syl. ¶ 1, 941 P.2d 365 (1997), thereby rendering unnecessary the majority's characterization and discussion as a question reserved. He further opined that an illegal sentence had been imposed, suggesting that the trial court had no jurisdiction and expressly concluding that the sentence failed to

conform to the one required for the conviction of record, *i.e.*, level 5 aggravated battery. He contended that an illegal sentence may be corrected at any time; that the doctrine of invited error was inapplicable because the sentence was illegal; and that there was no evidence to support an agreement to circumvent the jury verdict or the requirements of law.

As discussed below, we specifically agree with the dissent's holding and generally with its rationale.

Our agreement is primarily based upon two cases of this court: *Chambers v. State,* 199 Kan. 483, 430 P.2d 241 (1967), and *Vanwey,* 262 Kan. 524. They establish, among other things, that this court clearly has jurisdiction to consider the matter of McCarley's purported illegal sentence and further that his sentence indeed is illegal because it was imposed by a trial court without jurisdiction. In other words, we conclude that this court has jurisdiction to conclude that the trial court had no jurisdiction.

In *Chambers,* this court addressed a fact pattern similar to that of the instant case: the trial court mistakenly imposed sentence on a crime for which the defendant was not convicted. There, the defendants pled guilty to robbery in the first degree. However, they were erroneously sentenced for burglary in the second degree: indeterminate sentences of 5-10 years. After the error was discovered, the defendants were brought back to the court for resentencing. The trial court set aside the sentences and resentenced for robbery: 10-21 years.

Defendant Chambers later brought a motion under K.S.A. 60-1507 attacking the validity of the second sentence. This court affirmed the trial court's denial of his motion and made short work of his argument:

> "The plaintiff next argues that once the court had imposed a sentence against him it could not later resentence him. This contention is without merit. *The first sentence was void, since the penalty imposed was that required by law for second-degree burglary, not* [first-degree] *robbery.* Accordingly, it was the court's clear duty to set the original sentence aside and impose a *valid* sentence." (Emphasis added.) 199 Kan. at 485.

Thirty years after *Chambers,* this court in *Vanwey* dealt with a slightly different fact pattern. It provided a more complete frame-

work than *Chambers*, however, for its analysis and holding—both of which are of use in the instant case. In *Vanwey*, the defendant committed a crime while on parole. The trial court properly made Vanwey's new sentence consecutive to the one originally imposed, as required under K.S.A. 1991 Supp. 21-4608. Three years later, the defense counsel and the prosecutor apparently agreed to a nunc pro tunc order correcting a clerical error because a sentencing mistake had allegedly been made. Per the court's order, the consecutive sentences became concurrent. The State later moved to set aside the order, arguing that the modification had been misrepresented as necessary to correct a clerical error and that the trial court had no jurisdiction to modify. The trial court denied the motion, ruling that "relief would have to be through appeal." *Vanwey*, 262 Kan. at 526.

As in the instant case, as a threshold matter Vanwey argued that the State simply was not permitted to appeal under these circumstances. This court rejected the argument. Among other things, it cited *State v. Scherzer*, 254 Kan. 926, 929-30, 869 P.2d 729 (1994), to confirm its statutory jurisdiction to consider the appeal: generally under K.S.A. 60-2101(b) (court has jurisdiction to correct, modify, vacate, or reverse any act, order, or judgment of a district court in order to assure that it is just, legal, and free of abuse) and specifically under K.S.A. 22-3504 (Furse) (illegal sentence may be corrected at any time).

Similar to the instant case, this court further observed that the ultimate question was whether the trial court possessed jurisdiction to grant the nunc pro tunc order in the first place. *Vanwey*, 262 Kan. at 527. If the court did not, then the sentence was illegal and correctable by the Supreme Court. See *State v. Ruff*, 252 Kan. 625, 628, 847 P.2d 1258 (1993) (sentence illegal if, among other things, imposed by a court without jurisdiction).

The *Vanwey* court then held that the trial court had no authority to modify the original sentence under the statutory subparagraph for correction of clerical errors, K.S.A. 22-3504(2) (Furse), because there was no clerical error. Moreover, the court held that the parties' agreement could not bring life into an order that was invalid because of the trial court's lack of jurisdiction: "We conclude that

parties agreeing to a nunc pro tunc order cannot invest the court with the power to change a sentence if the court otherwise lacks jurisdiction to do so." *Vanwey*, 262 Kan. at 528-29.

After concluding that the trial court had no jurisdiction under 22-3504(2) to have "corrected" this sentence, and had no jurisdiction created by the parties' agreement, the *Vanwey* court looked for other jurisdiction created by statute. After noting that the sentencing of a criminal defendant is strictly controlled by statute in Kansas, the court held that the only apparent jurisdictional alternative, K.S.A. 1991 Supp. 21-4603(4)(a), was inapplicable because the modification had not occurred within 120 days of the original sentence.

The *Vanwey* court further observed that the trial court not only "lacked jurisdiction to modify Vanwey's 1992 sentence," but that imposing the sentences consecutively was itself required by statute. 262 Kan. at 529. See K.S.A. 1991 Supp. 21-4608(3) ("[a]ny person who is convicted and sentenced for a crime committed while on . . . parole . . . for a felony shall serve the sentence consecutively to the term or terms under which the person was . . . on parole").

Finally, this court rejected Vanwey's argument that the court lacked jurisdiction to allow his sentence to be modified yet again because it was "now running concurrently and the imposition of a consecutive sentence would be a *harsher* sentence." (Emphasis added.) 262 Kan. at 530. In rejecting this harsher consequences argument, the *Vanwey* court simply responded that a "court has authority to reinstate an original sentence when a subsequent modification is illegal." 262 Kan. at 530.

In sum, the *Vanwey* court held that the trial court was without jurisdiction to enter the nunc pro tunc order. It reversed the trial court's refusal to set aside the order, and ordered reinstatement of the original 1992 sentence.

A synthesis of the decisions in *Chambers* and *Vanwey* reveals several principles of guidance for the instant case.

When a sentence is imposed for a crime for which the defendant was not convicted, but in fact is appropriate for another crime, this court has addressed the issue on the merits. See, *e.g., Chambers*,

199 Kan. 483. As a result, the issue is within the jurisdiction of this court to review. *Cf. Vanwey,* 262 Kan. 524, Syl. ¶ 1 (jurisdiction to consider the matter under 60-2101[b], which gives general statutory authority to correct, modify, vacate, or reverse any act, order, or judgment of a district court to assure that it is just, legal, and free of abuse, and 22-3504: court may correct illegal sentence, *e.g.,* one issued by court without jurisdiction or without conforming with the offense as to character or term of punishment authorized). At a minimum, there is jurisdiction to review the sentence as a possibly illegal one. Whether a criminal sentence is illegal, *e.g.,* imposed without jurisdiction, is a question of law with unlimited review. *State v. Davis,* 281 Kan. 169, 174, 130 P.3d 69 (2006).

When a sentence is imposed for a crime for which the defendant was not convicted, but in fact is appropriate for another crime, such a sentence is void. *Chambers,* 199 Kan. at 485. Specifically, it is an illegal sentence because, at a minimum, it is imposed without trial court jurisdiction. *Cf. Vanwey,* 262 Kan. 524.

Under these specific circumstances, the sentence must be set aside, and the defendant resentenced for the crime of actual conviction, *i.e.,* a "valid sentence." *Chambers,* 199 Kan. at 485; *cf. Vanwey,* 262 Kan. at 530 (court set aside illegal modification and reinstated original sentence).

The fact that the new, and proper, sentence is more severe than the original, improper one is of no consequence. See *Vanwey,* 262 Kan. at 530 (court expressly rejecting this argument); see also *Chambers,* 199 Kan. at 484-85 (court approved imposing new sentence which increased original, improper sentence by years).

The fact that the parties have agreed to a matter involving trial court jurisdiction is of no consequence, *i.e.,* party agreement does not establish jurisdiction where it otherwise does not exist. See *Vanwey,* 262 Kan. at 528 ("Nor does agreement of the parties and the presentation of an agreed order to the trial court [to change statutorily mandated consecutive sentence to concurrent] bring life into an otherwise invalid action."); see also *State v. Johnson,* 283 Kan. 649, 156 P.3d 596 (2007) (defendant's agreement to jury instruction on questionable offense does not bar his later jurisdictional challenge claiming offense neither charged nor constituted

lesser included offense of a charged offense). Similarly, the more inclusive doctrine of invited error is inapplicable because the alleged invited error leading to the illegal sentence concerns jurisdiction. See *State v. Belcher*, 269 Kan. 2, 9, 4 P.3d 1137 (2000).

Not only is McCarley's sentence illegal because it was imposed by a court without jurisdiction, but as Judge Knudson observed in his dissent, it also is illegal for failing to conform to the statutory provision, either in the character or the term of the punishment authorized. See *Nash*, 281 Kan. at 601. We have repeatedly acknowledged that the sentencing of a criminal defendant is strictly controlled by statute. *State v. Martin*, 285 Kan. 735, 738, 175 P.3d 832 (2008); *State v. Anthony*, 274 Kan. 998, 999, 58 P.3d 742 (2002). Consistent with this acknowledgment, we held in *Scherzer*, 254 Kan. at 939, that the trial court did not have authority under K.S.A. 1992 Supp. 21-3405b to allow the defendant to serve his required 90 days' imprisonment by house arrest. We declared the sentence imposed illegal because it did not conform to the statutory provision and remanded to the district court for correction, *i.e.*, actual imprisonment in the county jail. 254 Kan. at 939; *cf. Vanwey*, 262 Kan. at 529-30 (in addition to lack of jurisdiction to modify sentence, trial court's modification of consecutive sentences to run concurrently was clearly contrary to statute requiring consecutive sentences).

The trial court's sentence for a level 8 person felony does not conform to the statutory provision for a level 5 person felony, the offense of conviction. The trial court had no statutory authority to impose such a sentence. It is therefore illegal. See *Nash*, 281 Kan. at 601. As the State points out, the flip side is also true. While the sentence imposed was proper for a level 8 offense, the jury was not instructed on, nor was McCarley convicted of, a level 8 felony. It is fundamental that a defendant cannot be sentenced for a crime for which he or she has not been convicted.

In sum, this court has authority to review the State's claim of an illegal sentence. The sentence imposed is illegal because it was imposed by a trial court without jurisdiction and because the sentence did not comport with the statutory provision in the character or term of the punishment authorized.

Issue 2: *The trial court did not lack jurisdiction to convict Mc-Carley of level 5 reckless aggravated battery.*

Before we can consider remand for resentencing for the level 5 offense, we must consider McCarley's cross-appeal contention that the trial court lacked jurisdiction to convict him of that crime because it is not a lesser included offense of intentional aggravated battery.

The existence of jurisdiction is a question of law over which this court's review is unlimited. *State v. Thomas*, 283 Kan. 796, 805, 156 P.3d 1261 (2007). Similarly, whether a crime is a lesser included offense is a question of law. *State v. Hebert*, 277 Kan. 61, 104, 82 P.3d 470 (2004).

The Court of Appeals panel, including Judge Knudson, held that McCarley's argument was erroneously based on this court's holding in the multiplicity case of *State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006). The panel rejected McCarley's argument that "lesser included offenses must be based solely on an identity of elements test." *McCarley*, 38 Kan. App. 2d at 178. The State essentially adopts the panel's position on appeal. We agree.

In citing to *Schoonover*, McCarley contends this court adopted a "strict identity of the elements test for analyzing whether crimes were either multiplicitous or lesser included offenses." He also argues that the strict identity of the elements test is the only logical, consistent test. Unfortunately, his single-minded argument is contrary to language in *Schoonover* and the legislature's express, multi-faceted approach for identifying lesser included crimes. See 281 Kan. at 494, 496-98.

K.S.A. 21-3107(2) defines a lesser included crime as: "(a) A lesser degree of the same crime; (b) a crime where all elements of the lesser crime are identical to some of the elements of the crime charged; (c) an attempt to commit the crime charged; or (d) an attempt to commit a crime defined under subsection (2)(a) or (2)(b)." The panel relied upon section (a) in holding that intentional aggravated battery and reckless aggravated battery are degrees of the same general crime, that of aggravated battery.

We conclude that the crimes of severity levels 5 and 8 aggravated battery are both lesser included offenses of severity level 4 aggra-

vated battery because they are lesser *degrees* of the same crime. See K.S.A. 21-3107(2)(a). The language of K.S.A. 21-3414(b) is unmistakable:

*"Aggravated battery as described in* subsection (a)(*1*)(A) is a severity level 4, person felony. . . . *Aggravated battery as described in* subsection (a)(2)(A) is a severity level 5, person felony.*Aggravated battery as described in* subsection (a)(2)(B) is a severity level 8, person felony." (Emphasis added.)

In addition to this clear language, we observe that without more, the higher the severity level of the crime, the lower the sentence. See, *e.g.*, K.S.A. 21-4707(a) ("The crime severity scale contained in the sentencing guidelines grid for nondrug crimes as provided in K.S.A. 21-4704 and amendments thereto consists of 10 levels of crimes. . . . Level 1 crimes are the most severe crimes and level 10 crimes are the least severe crimes.").

The fundamental rule to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. *State v. Denney*, 283 Kan. 781, 789, 156 P.3d 1275 (2007). Intent of the legislature is to be derived in the first place from the words used. *Griffin v. Suzuki Motor Corp.*, 280 Kan. 447, 460, 124 P.3d 57 (2005). We hold that the legislature's intent is clear from the words it used. Defining various types of aggravated battery, *i.e.*, "aggravated battery as described in" separate subsections, together with allocating different degrees of punishment for each type, establishes that level 5 and level 8 aggravated battery are lesser included offenses of level 4 aggravated battery, *i.e.*, they are "lesser degrees of the same crime."

Because the crime charged was a level 4 aggravated battery, the trial court had jurisdiction to convict McCarley of severity level 5 aggravated battery. In contrast, see *Johnson*, 283 Kan. 649, Syl. ¶ 1 (the district court lacks jurisdiction to convict a defendant of a crime not specifically stated in the information or the stated crime's lesser included offense).

Issue 3: *The trial court did not clearly err when it failed to instruct the jury that McCarley's actions had to be the proximate cause of*

*the victim's injuries to find him guilty of reckless aggravated battery.*

Finally, McCarley argues in his cross-appeal that the trial court erred in failing to instruct the jury that his actions had to be the proximate cause of Nick's injuries to find McCarley guilty because his primary defense was that Nick's actions, not his own, were the cause of the injuries. He contends that the jury specifically should have been instructed: "The fault or lack of fault of [the victim] is a circumstance to be considered along with all the other evidence to determine whether the defendant's conduct was or was not the direct cause of [the victim's] injuries."

The Court of Appeals summarily rejected McCarley's argument, pointing out that the "jury instructions clearly informed the jury that in order to convict McCarley of reckless aggravated battery, he must have *caused* great bodily harm or disfigurement' to the victim." *McCarley*, 38 Kan. App. 2d at 179. Again, the State essentially adopts the panel's position.

Because McCarley did not request a proximate cause instruction at trial, his claim is reviewed for clear error. See K.S.A. 22-3414(3); *State v. Torres*, 280 Kan. 309, 326, 121 P.3d 429 (2005). "Instructions are clearly erroneous only if the reviewing court is firmly convinced that there is a real possibility the jury would have rendered a different verdict if the trial error had not occurred." *State v. White*, 284 Kan. 333, Syl. ¶ 6, 161 P.3d 208 (2007).

We note that instruction 9B provided in relevant part:

"To establish this charge [of reckless aggravated battery], each of the following claims must be proved:
1. That Mr. McCarley recklessly *caused* great bodily harm or disfigurement to Nicola 'Nick' Cosentino . . . ." (Emphasis added.)

McCarley's sole basis for believing that the verdict would be different if the jury had been given a proximate cause instruction is that the jurors seemed confused about how to apply the term "reckless." The jury asked for a definition of "reckless," and the trial court gave the following definition: "Reckless conduct is conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and

unjustifiable disregard of that danger." McCarley does not explain, however, how this purported confusion relates to the giving of a proximate cause instruction.

We also observe that in *State v. Bale*, 39 Kan. App. 2d 655, 182 P.3d 1280 (2008), the defendant argued for the first time on appeal that a proximate cause instruction should have been given in his involuntary manslaughter case. The Court of Appeals rejected his argument, holding that the concept was "adequately expressed in the court's instruction for the elements of the crime." 39 Kan. App. 2d at 660. Although the clearly erroneous standard applied, the court simply held that "the district court did not err in failing to give a separate proximate cause instruction." 39 Kan. App. 2d at 660.

In light of the instruction given, McCarley's limited argument identifying the impact of the purported error on the jury, and the holding in *Bale*, we are not firmly convinced that there is a real possibility the jury would have rendered a different verdict if the proposed instruction had been given. In short, there is no clear error.

The judgments of the Court of Appeals and the district court on issue 1 are reversed and remanded to the district court with instructions to correct McCarley's illegal sentence. Their judgments on issues 2 and 3 are affirmed.