NOT DESIGNATED FOR PUBLICATION

No. 114,677

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRESS MORGAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed September 23, 2016. Affirmed.

*Caroline Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

*Per Curiam*:  Tress Morgan pled guilty to one count of attempted rape and one count of attempted robbery. The district court originally sentenced him to 36 months' postrelease supervision but later resentenced him to lifetime postrelease supervision. Morgan appeals his resentencing. He argues the court lacked jurisdiction to modify his sentence, and the invited error doctrine precluded the court from altering his sentence. We affirm.

1

The district court originally sentenced Morgan to 102 months in prison, with a postrelease supervision term of 36 months. At sentencing, the court indicated it was sentencing him to 36 months based on his presentence investigation (PSI) report, though it also noted the possibility that the sentence was illegal and the correct sentence was lifetime postrelease supervision. If the sentence was incorrect, the court added, it could be corrected later.

The Kansas Department of Corrections later notified the State that Morgan's postrelease supervision term did not conform to K.S.A. 2015 Supp. 22-3717. The court corrected the illegal sentence and imposed lifetime postrelease supervision pursuant to K.S.A. 2015 Supp. 22-3717(d)(1)(G). Morgan appeals.

Morgan argues that once the district court pronounced his sentence, including his term of postrelease supervision, his sentence was final and the court no longer had jurisdiction to modify it. Morgan concedes this court has ruled against this argument before, because a court may correct an illegal sentence at any time. However, Morgan argues that this time the invited error doctrine should prevent the modification of his sentence. He contends the State is tasked with knowing the law, and the State agreed to a 36-month term of postrelease supervision. Thus, the State cannot now ask for a modification of his sentence.

The State argues the district court properly corrected an illegal sentence and had jurisdiction to do so under K.S.A. 22-3504. The State does not address Morgan's invited error argument.

Whether jurisdiction exists is a question of law over which we have unlimited review. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

2

Generally, once a district court pronounces a criminal sentence from the bench, the sentence is final, and the court no longer has jurisdiction to modify it. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). Illegal sentences are an exception, though. A court may correct an illegal sentence at any time. K.S.A. 22-3504(1). A sentence is illegal if: (1) a court imposes it without jurisdiction; (2) it does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) it is ambiguous with respect to the time and manner in which it is to be served. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

Morgan's original sentence was illegal because it did not conform to the statutory provisions of K.S.A. 2015 Supp. 22-3717(d)(1)(G). Morgan pled guilty to attempted rape. Attempted rape is classified as a sexually violent crime under K.S.A. 22-3717(d)(5)(A). The district court must sentence anyone convicted of a sexually violent crime to a term of lifetime postrelease supervision. K.S.A. 2015 Supp. 22-3717(d)(1)(G). When a defendant is subject to K.S.A. 2015 Supp. 22-3717(d)(1)(G),(M), he or she must be sentenced under that subsection, and any other sentence the district court may impose is illegal. *State v. Baber*, 44 Kan. App. 2d 748, 754, 240 P.3d 980 (2010). Thus, Morgan's sentence was illegal, and the court had jurisdiction to correct his sentence.

Generally, a litigant may not invite error and then complain of that error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Nevertheless, Kansas courts have repeatedly declined to apply the invited error doctrine in cases involving the correction of an illegal sentence. See, *e.g.*, *State v. Dickey*, 301 Kan. 1018, 1033-34, 350 P.3d 1054 (2015) (doctrine inapplicable to classifications of prior convictions); see also *State v. Ruiz*, 51 Kan. App. 2d 212, 231, 343 P.3d 544 (2015) (discussing application of invited error doctrine in sentencing cases). Our Supreme Court has also specifically found the doctrine did not apply when the State agreed to a sentence that the district court imposed without jurisdiction or statutory authorization. *State v. McCarley*, 287 Kan. 167, 175-76, 195 P.3d 230 (2008).

Morgan relies on two cases to support his argument that the State invited error. In the first case, *State v. Bello*, 289 Kan. 191, 211 P.3d 139 (2009), the defendant invited the district court to consider the admissibility of certain evidence under the rape shield statute. On appeal, he argued the district court erred in applying the rape shield statute as he requested. Our Supreme Court found the invited error doctrine precluded his claim. 289 Kan. at 193-94.

Morgan's case is distinguishable from *Bello*, however. Unlike *Bello*, the error in Morgan's case involves sentencing. The sentencing of a criminal defendant is strictly controlled by statute. *State v. McCarley*, 287 Kan. 167, 176, 195 P.3d 230 (2008). District courts do not have authority to impose sentences that do not conform to statutory provisions. See, *e.g.*, *State v. Scherzer*, 254 Kan. 926, 939, 869 P.2d 729 (1994) (district court did not have authority to allow defendant to serve 90 days' imprisonment by house arrest).

In the second case, *State v. Hankins*, 49 Kan. App. 2d 971, 319 P.3d 571 (2014), the defendant failed to challenge the inclusion of an out-of-state deferred sentencing proceeding in the calculation of his criminal history score prior to sentencing. The defendant later filed a motion to correct an illegal sentence, claiming the out-of-state conviction should not have been used to calculate his criminal history score. The *Hankins* court held that invited error precluded his claim because he failed to challenge the inclusion of the conviction prior to sentencing. 49 Kan. App. 2d at 977-78.

The decision in *Hankins* would appear to support Morgan's invited error argument. After Morgan filed his brief, however, our Supreme Court reversed that decision. In *State v. Hankins*, 304 Kan. 226, 372 P.3d 1124 (2016), the court found the invited error doctrine did not block the defendant's claim, because "'a stipulation or lack of an objection regarding how . . . convictions [listed in the criminal history] should be

4

classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions.' [Citations omitted.]" 304 Kan. at 231.

In *State v. Van Lehman*, No. 112,500, 2015 WL 7162178 (Kan. App. 2015) (unpublished opinion), the court addressed almost the same issue Morgan presents. The defendant pled guilty to aggravated sexual battery, and the district court sentenced him to 24 months' postrelease supervision. The State filed a motion to correct an illegal sentence, and the district court granted it, resentencing the defendant to lifetime postrelease supervision. On appeal, the defendant challenged the new sentence on several grounds, including that the State had invited error by recommending his original 24-months sentence.

The *Van Lehman* court rejected the defendant's invited error argument, noting:

"The primary purpose of the invited-error doctrine is to discourage a party from unfairly leading the court to make a reversible error; as a rule created by the judiciary, it should be tailored to serve this purpose 'without unnecessarily thwarting the ends of justice.' *State v. Hargrove*, 48 Kan. App. 2d 522, 553, 293 P.3d 787 (2013). Applying the invited-error doctrine here would do nothing to serve its purpose; the State didn't intentionally mislead the district court to gain some advantage. There is no suggestion in our record that any party sought to mislead the court; the record simply suggests that the parties overlooked the statutory requirement for lifetime postrelease supervision." 2015 WL 7162178, at *6.

The same is true in this case. There is nothing in the record to suggest the State intentionally misled Morgan or the district court or that it gained any advantage from Morgan's original sentence of 36 months. In fact, the State was arguably disadvantaged because the court gave Morgan a lesser sentence than was required by statute. Thus, the purpose behind the invited error doctrine would not be served by applying it in this case.

As a final point, a defendant cannot agree to an illegal sentence. *State v. Jones*, 293 Kan. 757, 757-58, 268 P.3d 491 (2012).

In conclusion, the district court had jurisdiction to resentence Morgan because his sentence was illegal, and a court may correct an illegal sentence at any time. The invited error doctrine also did not preclude this action. This doctrine generally does not apply to illegal sentences, and its purpose would not be served if applied in this case.

Affirmed.