NOT DESIGNATED FOR PUBLICATION

Nos. 124,692
124,693

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON J. GOINS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 9, 2022. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.


PER CURIAM: An illegal sentence must be corrected and can be at any time. At Aaron J. Goins' original sentencing, the district court, based on an incorrect presentence investigation (PSI) report, sentenced Goins for his aggravated assault conviction as a severity level 8 person felony when, in fact, it was a severity level 7 person felony. Shortly after the original sentence was imposed, the district court received a corrected PSI and ordered Goins to appear for resentencing. Goins did not appear until about a year later based on a pending motion to revoke his probation. Goins now timely appeals from

1

the district court's decision to resentence him to the correct severity level for his aggravated assault conviction, claiming his original sentence was lawful as an inadvertent durational departure by the district court. Goins' argument is not supported by the record. We affirm.

FACTS

Goins entered into a plea agreement and pled guilty to five crimes in two separate criminal cases for acts committed in October and November 2019. The initial PSI report listed aggravated assault as a severity level 8 person felony. In 19CR3525, the district court sentenced Goins to 20 months' imprisonment for aggravated assault, with a concurrent sentence of 9 months' imprisonment for criminal possession of a weapon, suspended based on Goins' request for a dispositional departure to 18 months' supervised probation. The district court then ordered the sentences in 19CR3525 to run consecutive to the sentences imposed in 19CR3523. Goins did not request a durational departure in either case.

About three weeks after sentencing, an amended PSI was filed, reflecting the aggravated assault conviction was actually a severity level 7 person felony. See K.S.A. 2019 Supp. 21-5412(e)(2). The district court set the case for resentencing, but Goins failed to appear. A year later, Goins appeared in court at a probation violation hearing following the commission of a new crime.

At the outset of the probation violation hearing, the district court addressed the sentencing issue in 19CR3525, imposing a corrected sentence of 31 months' imprisonment for aggravated assault but left the remainder of Goins' underlying sentences unchanged. Then the district court, based on Goins' probation violations, revoked his probation in both cases and ordered him to serve his underlying consecutive sentences.

Goins appealed both 19CR3523 and 19CR3525, and the cases were consolidated. Goins then filed a motion for summary disposition challenging the revocation of his probation in both cases. Another panel of our court allowed Goins to withdraw his summary disposition motion, and he proceeded to submit his brief challenging only his resentencing in 19CR3525.

ANALYSIS

Now Goins claims the district court erred by resentencing him for his aggravated assault conviction in 19CR3525. He does not assert any error in the other sentences imposed in either of his underlying criminal cases or the district court's decision to revoke his probation in both. Accordingly, any such claims are waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Whether a sentence is illegal within the meaning of K.S.A. 2021 Supp. 22-3504 is a question of law over which we have unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). To the extent the issue on appeal requires us to interpret other sentencing statutes, our review is likewise unlimited. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019).

Goins asserts his original sentence for aggravated assault was lawfully imposed as an unintentional durational departure. The State correctly responds Goins' argument is contrary to the plain language of the revised Kansas Sentencing Guidelines Act, K.S.A. 2021 Supp. 21-6801 et seq.

In relevant part, K.S.A. 2021 Supp. 21-6817(a)(1) provides that a motion for departure "shall state the type of departure sought and the reasons and factors relied upon." In other words, the district court is not free to grant a durational departure if the defendant only requests a dispositional departure. Here, Goins, at his original sentencing, only requested a dispositional departure, and the district court granted his request. Under K.S.A. 2021 Supp. 21-6817(a)(3), the district court may grant a departure on its own

3

initiative; however, the district court must "notify all parties of its *intent* and allow reasonable time for either party to respond if requested. The notice shall state *the type of departure intended* by the court . . . ." (Emphases added.) Based on this plain language, the district court cannot unintentionally grant an unrequested departure sentence.

Moreover, when the district court grants any type of departure, it must "issue findings of fact and conclusions of law regarding the issues submitted by the parties, and shall enter an appropriate order." K.S.A. 2021 Supp. 21-6817(a)(2). The record reflects the district court made no findings to support granting a durational departure, nor did its ruling suggest it intended to grant a durational departure. Rather, the district court's statements at sentencing reflect it believed it was imposing the presumptive duration for the underlying sentence. The district court explained:

> "[Aggravated assault is] a severity level eight person non-drug felony and it places Mr. Goins in the grid box 8B with a sentencing range of 18, 19, or 20 months in prison. Upon those findings, I will sentence the defendant to a term of 20 months in the custody of the Secretary of Corrections."

Goins' argument lacks any persuasive basis in fact or law. Here, the district court originally imposed a sentence that did "not conform to the applicable statutory provision, either in character or punishment." See K.S.A. 2021 Supp. 22-3504(c)(1). Accordingly, based on Goins' plea to aggravated assault, a severity level 7 person felony, the original sentence was unlawful, and the district court properly resentenced him. See *State v. McCarley*, 287 Kan. 167, 176, 195 P.3d 230 (2008) (defendant incorrectly sentenced for level 8 person felony when crime of conviction was level 5 person felony required correction of illegal sentence).

Affirmed.