NOT DESIGNATED FOR PUBLICATION

No. 126,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMUEL R. RUSHIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Submitted without oral argument. Opinion filed April 4, 2025. Conviction affirmed, sentence vacated, and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Samuel R. Rushin appeals his conviction and sentence for one count of aggravated battery following a jury trial. Although the State charged Rushin with a severity level 5 aggravated battery, the district court instructed the jury on the elements of a severity level 8 aggravated battery, and the jury found Rushin guilty of that charge. Yet the district court later sentenced Rushin for a conviction of a severity level 5 offense. On appeal, Rushin claims the district court's instruction on an uncharged crime amounted to an unconstitutional constructive amendment of the complaint. Alternatively, he claims his sentence for the severity level 5 offense is illegal because he was actually

convicted of a severity level 8 offense. We disagree with Rushin's first claim but agree with the second. Thus, we affirm Rushin's conviction but vacate his sentence and remand with directions to sentence Rushin for a severity level 8 aggravated battery conviction.

FACTUAL AND PROCEDURAL BACKGROUND

On November 24, 2022, Rushin and R.F., among others, were in an apartment where Rushin acquired a handgun from another resident. Rushin began waiving the gun around and "messing" with it when R.F. told him not to point it at her. Rushin tried to show R.F. that the gun was unloaded when it discharged, shooting R.F. in the chest. R.F. survived and told law enforcement officers that the shooting was accidental.

On November 30, 2022, the State charged Rushin with one count of severity level 5 aggravated battery under K.S.A. 2022 Supp. 21-5413(b)(2)(A), (g)(2)(C). The complaint alleged that Rushin "recklessly cause[d] great bodily harm to or disfigurement of another person, to wit: [R.F.]." The case proceeded to a jury trial. After the evidence was presented, the district court instructed the jury on aggravated battery as follows:

"The defendant is charged in Count 1 with Aggravated Battery. The Defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
"1. The defendant recklessly caused bodily harm to RF with a deadly weapon in any manner whereby great bodily harm, disfigurement or death can be inflicted.
"2. This act occurred on or about the 24th Day of November 2022, in Sedgwick County, Kansas."

Neither party objected to the jury instruction. The State never moved to amend the complaint. The jury returned a verdict finding Rushin guilty of "aggravated battery."

2

The presentence investigation report showed that Rushin was convicted of a severity level 5 aggravated battery. At the sentencing hearing, the district court adjudged Rushin guilty of aggravated battery and noted he was in the 5-I grid box. Consistent with that finding, the district court sentenced Rushin to 34 months' imprisonment but granted probation for 36 months. Neither party objected to the sentence. The journal entry of judgment reflects that Rushin was convicted of a severity level 5 aggravated battery. See K.S.A. 21-5413(b)(2)(A), (g)(2)(C). Rushin timely appealed.

## DID THE DISTRICT COURT'S INSTRUCTION ON AN UNCHARGED CRIME AMOUNT TO AN UNCONSTITUTIONAL CONSTRUCTIVE AMENDMENT?

Rushin claims the district court erred when it instructed the jury on severity level 8 aggravated battery, an uncharged crime. He argues it amounts to an unconstitutional constructive amendment in violation of his rights under the Sixth Amendment to the United States Constitution. As a result, Rushin argues that his conviction must be reversed. The State responds that Rushin's conviction of a severity level 8 aggravated battery is a lesser included crime of a severity level 5 aggravated battery; thus, no amendment to the charging document was required for a valid conviction.

An unconstitutional constructive amendment "'occurs when the evidence presented at trial, together with the jury instructions, '"so alter[s] [the information] as to charge a different offense . . . .""" *State v. Hunt*, 61 Kan. App. 2d 435, 438, 503 P.3d 1067 (2021). Such an error requires reversal of a defendant's conviction. Appellate courts review de novo whether a constructive amendment has occurred. 61 Kan. App. 2d at 438-39.

Rushin concedes he did not raise this issue in district court. "Generally, the court does not address even constitutional issues for the first time on appeal." *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 (2020). But there are exceptions when:

"'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision.'" 311 Kan. at 375.

Rushin argues that his claim involves only a question of law arising on proven or admitted facts and is finally determinative of the case and that consideration of the theory is necessary to serve the ends of justice or to prevent the denial of a fundamental right. The State concedes that "[t]he first exception appears to apply" because the issue raises a question of law on admitted and uncontroverted facts. We will address Rushin's claim.

The parties agree that the district court instructed the jury on severity level 8 aggravated battery and not severity level 5 aggravated battery as was charged. The jury was instructed to consider whether: "The defendant recklessly caused bodily harm to RF with a deadly weapon in any manner whereby great bodily harm, disfigurement or death can be inflicted." This instruction is consistent with aggravated battery under K.S.A. 21-5413(b)(2)(B), (g)(2)(D), a severity level 8 person felony.

Having determined that the jury was instructed on severity level 8 aggravated battery as opposed to severity level 5 as charged, the remaining question is whether the district court's instruction amounted to an unconstitutional constructive amendment or, whether, as the State claims, the severity level 8 offense did not need to be formally charged. Put another way, this court must determine whether the State was required to allege severity level 8 aggravated battery in its complaint to convict Rushin of any crime.

To that point, the State argues that severity level 8 aggravated battery is a lesser included offense of severity level 5 aggravated battery. The State cites several cases including *State v. Daniels*, 223 Kan. 266, 271, 573 P.2d 607 (1977), for the proposition that a defendant may be convicted of an uncharged lesser included offense of the crime

4

charged because the charged greater offense satisfies the constitutional notice requirements of the uncharged lesser included offense. The State is correct.

Severity level 8 aggravated battery is a lesser included offense of severity level 5 aggravated battery. Rushin concedes that point in his brief. K.S.A. 21-5109(b)(1), which has not been amended since before Rushin's offense, provides that a lesser included crime is "[ a] lesser degree of the same crime." The Kansas Supreme Court applied the prior statute, K.S.A. 21-3107(2)(a), which used identical language, to find that severity level 5 and severity level 8 aggravated battery were the lesser included offenses of severity level 4 aggravated battery. *State v. McCarley*, 287 Kan. 167, 177-78, 195 P.3d 230 (2008).

Turning to the State's claim that a lesser included offense need not be formally charged, that too is correct. While it does not appear a Kansas court has addressed an identical situation, the court in *Daniels* considered whether aggravated battery was the lesser included offense of attempted murder. 223 Kan. at 270. As part of the court's analysis, it considered the Sixth Amendment right for the accused to be informed of the nature and cause of the accusation. 223 Kan. at 271. The court found that while a conviction based on an insufficiently charged information violates the Sixth Amendment, "as to lesser included crimes, the charging of the greater satisfies the notice requirements for the lesser and the greater offense carries all lesser included offenses with it into the trial under K.S.A 21-3107(2) and (3)." 223 Kan. at 271. While the *Daniels* court based its ruling in part on the prior and now repealed statute on lesser included offenses, this court in *State v. Lyon*, 58 Kan. App. 2d 474, 481, 471 P.3d 716 (2020), applied the *Daniels* holding under the modern statute, K.S.A. 2019 Supp. 21-5109.

K.S.A. 21-5109(b) provides that "the defendant may be convicted of either the charged crime or a lesser included crime." In *State v. Ramirez*, 299 Kan. 224, 228, 328 P.3d 1075 (2014), the Kansas Supreme Court emphasized that the "or" in identical language found in the now repealed prior statute "provides an exception to the rule that a

defendant can only be convicted of the specific crime charged in the complaint." 299 Kan. at 228. The *Ramirez* court reaffirmed that the rationale behind that exception was that the charging of the greater offense satisfies constitutional notice requirement for the lesser offense. 299 Kan. at 228. So, contrary to Rushin's claim, Kansas courts have found that a conviction of an uncharged lesser included offense does not violate the Sixth Amendment to the United States Constitution.

*McCarley* involved a similar issue, though in the context of jurisdiction. McCarley was charged with severity level 4 aggravated battery but was convicted of the uncharged severity level 5 aggravated battery. He challenged on appeal whether the district court had jurisdiction to convict him of the uncharged severity level 5 crime. After confirming that severity levels 5 and 8 aggravated battery were lesser included offenses of severity level 4 aggravated battery, the court found the district court had jurisdiction to convict McCarley of the uncharged lesser included severity level 5 offense. 287 Kan. at 177-78.

Finally, Rushin argues that we must dismiss the severity level 5 aggravated battery charge because of the unconstitutional constructive amendment and, once dismissed, the State may not recharge Rushin with a severity level 8 aggravated battery because to do so would violate the Double Jeopardy Clause protecting a second prosecution for the same offense. But because we are finding no unconstitutional constructive amendment requiring dismissal, the Double Jeopardy Clause is not implicated.

In sum, there is no caselaw suggesting that a conviction of a lesser included offense to the charged crime can create a constructive amendment requiring reversal. Instead, the caselaw establishes that a conviction for an uncharged lesser included offense does not violate constitutional or jurisdictional requirements. Thus, we reject Rushin's claim that the district court's jury instruction on an uncharged lesser included offense amounted to an unconstitutional constructive amendment of the complaint.

## MUST THE DISTRICT COURT RESENTENCE RUSHIN FOR A SEVERITY LEVEL 8 AGGRAVATED BATTERY CONVICTION?

Alternatively, Rushin argues that because the jury found him guilty under the elements of the lesser severity level 8 offense, his sentence for the severity level 5 aggravated battery conviction is illegal. He argues that we must vacate his sentence and remand with directions to resentence him for a severity level 8 aggravated battery conviction. The State concedes this issue and that remand for resentencing is appropriate.

*McCarley* involved the inverse of Rushin's situation where McCarley was convicted of the severity level 5 aggravated battery but sentenced for the lesser severity level 8 aggravated battery. The *McCarley* court held this was an illegal sentence because the district court lacked jurisdiction to sentence McCarley for a crime he was not convicted of committing and because the sentence did not conform to statutory provisions. 287 Kan. at 176. The court remanded the case with directions for the district court to sentence McCarley for the severity level 5 offense of conviction. 287 Kan. at 176.

Rushin was found guilty of a severity level 8 aggravated battery but was sentenced for a severity level 5 offense. Rushin's current sentence is illegal because it does not conform to the applicable statutory provision in terms of punishment for the crime of conviction. See K.S.A. 22-3504(c)(1). We vacate Rushin's sentence and remand with directions to resentence Rushin for a severity level 8 aggravated battery conviction.

Conviction affirmed, sentence vacated, and case remanded with directions.